LAZICH, APPELLANT, v. BELANGER ET AL., RESPONDENTS.

(No. 8,074.)

(Submitted April 23, 1940. Decided September 24, 1940.)

[105 Pac. (2d) 738.]

*Messrs. H. J. Freebourn, W. B. Freebourn, H. L. Maury* and *A. G. Shone,* for Appellant, submitted a brief; *Mr. Maury* argued the cause orally.

50

*Mr. F. C. Fluent,* for Respondent City of Butte, submitted a brief, and argued the cause orally.

MR. JUSTICE ANGSTMAN delivered the opinion of the court.

This is an appeal by plaintiff from a judgment in favor of defendants. The judgment was entered after demurrers to the amended complaint were sustained and plaintiff declined to further amend the complaint.

The appeal presents the question of the sufficiency of the amended complaint which was filed in May, 1939. It alleges in substance that on January 24, 1938, the plaintiff, who was seven years of age when the complaint was filed, tripped and stumbled over a pile of lumber on a sidewalk in the city of Butte, causing him to fall and sustain permanent injuries; that the lumber was piled on the sidewalk by defendant Belanger acting within the scope of his employment with defendants Lawlor & Rowe and Patrick J. Driscoll, who were engaged in repairing and improving a certain building at 216 South Wyoming Street in Butte; that it was piled a foot or more above the level of the sidewalk and in such a manner as to constitute an obstruction dangerous to pedestrians; that all defendants had notice and knowledge of the obstruction and a reasonable opportunity to remove it before the injury to plaintiff, but that they negligently permitted the obstruction to remain on the sidewalk until plaintiff was injured.

The complaint contains this paragraph: "That at no time within sixty days after the 24th day of January, 1938, the day on which plaintiff was injured, was Robert Lazich capable, mentally or physically, of filing any notice of injury with the city of Butte, or of giving any notice of injury to the city of Butte. He was not, during such time more than seven years old. Through no fault of his own, he could not read better than other persons of his age, nor could he write better than

other persons of his age, and there was no person appointed guardian by any court over his person or over his estate previous to the 11th day of October, 1938. That his mother, Mrs. Genn Lazich, and his father, George Lazich were persons ignorant of the law and neither of them knew or had reason to believe that any notice in writing was useful or required by law to be given to the city of Butte, although it is a fact that during such sixty days at some time, the exact day being unknown, the mother of the plaintiff, this present guardian, did give notice to the mayor and the city attorney of the city of Butte verbally of the happening of the said accident, the place where it happened and the nature of the obstruction and the extent of the injuries as far as known at that time. That on the 13th day of October, 1938, within two days after the appointment of Mrs. Genn Lazich as guardian, notice in writing of the said injuries to Robert Lazich was given to the city of Butte, defendant, and to the Hon. Charles A. Hauswirth, mayor thereof, and to the city council thereof, and such notice did state the time of the injuries and place where the obstruction which caused the injuries was situated, and such notice was given with all due diligence, within a reasonable time after the appointment of the said guardian, and this action at law was commenced with all diligence and within a reasonable time after the 13th day of October, 1938.''

The city contends that because of Chapter 122, Laws of 1937, the demurrer to the amended complaint was properly sustained. That chapter in part provides: ''Before any city or town in this State shall be liable for damages to person and/or property for, or on account of, any injury or loss alleged to have been received or suffered by reason of any defect or obstructions in any bridge, street, road, sidewalk, culvert, park, public ground, ferryboat, or public works of any kind in said city or town, * * * the person alleged to have suffered such injury or damage, or someone in his behalf, shall give to the city or town council, commission, manager, or other governing body of such city or town, within sixty days after such injury is alleged to have been received or suffered, writ-

ten notice thereof, which notice shall state the time when and the place where such injury [is] alleged to have occurred.''

Plaintiff takes the position that Chapter 122 has no application to an infant of tender years, such as plaintiff was at the time of the injuries. The courts are not in agreement as to whether a statute requiring notice of an injury to be given to a city has application to a minor. The numerical weight of authority dealing specifically with the rights of an infant, holds that such statutes do apply to minors. Of those so holding are the following: *Sherfey* v. *City of Brazil,* 213 Ind. 493, 15 N. E. (2d) 568, *City of Birmingham* v. *Weston,* 233 Ala. 563, 172 So. 643, 109 A. L. R. 970, *Baker* v. *Town of Manitou,* (8 Cir.) 277 Fed. 232, *Madden* v. *Springfield,* 131 Mass. 441; *Dechant* v. *City of Hays,* 112 Kan. 729, 212 Pac. 682, *Hurley* v. *Town of Bingham,* 63 Utah, 589, 228 Pac. 213, *Davidson* v. *City of Muskegon,* 111 Mich. 454, 69 N. W. 670, and *Palmer* v. *Cedar Rapids,* 165 Iowa, 595, 146 N. W. 827, Ann. Cas. 1916E, 558.

While, as above stated, the above cases represent the majority view among the courts dealing specifically with infants, we are more impressed with the reasonableness of the minority view, particularly when we consider the provisions of subdivision 1 of the Fourteenth Amendment to the Constitution of the United States. The minority view is sustained by the following cases: *McDonald* v. *City of Spring Valley,* 285 Ill. 52, 120 N. E. 476, 2 A. L. R. 1359; *Costello* v. *City of Aurora,* 295 Ill. App. 510, 15 N. E. (2d) 38; *Russo* v. *City of New York,* 258 N. Y. 344, 179 N. E. 762; *Adonnino* v. *Village of Mount Morris,* 171 Misc. 383, 12 N. Y. Supp. (2d) 658.

And neither should the rights of the infant be prejudiced by the omission of the parents to give the notice. (*Briggs* v. *Village of Peekskill Co. Ct.,* 16 N. Y. Supp. (2d) 873; *Murphy* v. *Village of Fort Edward,* 213 N. Y. 397, 107 N. E. 716, Ann. Cas. 1916C, 1040.)

There are many cases holding that when the injured person is mentally and physically incapacitated from giving the notice, failure to give it within the required time does not defeat

his right. Among such cases are the following: *City and County of Denver* v. *Taylor*, 88 Colo. 89, 292 Pac. 594, 72 A. L. R. 833; *City of Colorado Springs* v. *Colburn*, 102 Colo. 483, 81 Pac. (2d) 397; *Randolph* v. *City of Springfield*, 302 Mo. 33, 257 S. W. 449, 31 A. L. R. 612; *Foster* v. *Charlotte*, 206 N. C. 528, 174 S. E. 412; *Bowles* v. *Richmond*, 147 Va. 720, 133 S. E. 593; *Born* v. *City of Spokane*, 27 Wash. 719, 68 Pac. 386; *Ehrhardt* v. *City of Seattle*, 33 Wash. 664, 74 Pac. 827. These cases support plaintiff's contention here. In fact, as pointed out in the case of *Murphy* v. *Village of Fort Edwards*, supra, the courts which bar an infant of tender years for failure to give the notice are those which also hold that mental and physical inability do not excuse noncompliance with the statute. It would be unreasonable to require that to be done which plaintiff was incapable of doing. Neither should his right of action be frittered away because of the omission of the parents to give the notice. To so hold would be to impute the neglect of the parents to the child—a doctrine which has long since been repudiated by this court so far as personal injury cases are concerned. (*Flaherty* v. *Butte Elec. Ry. Co.*, 40 Mont. 454, 107 Pac. 416, 135 Am. St. Rep. 630.) Also, it is questionable whether the statute can be complied with by anyone in behalf of the injured party unless the person so acting has authority from the injured person so to do. And an infant is incapable of appointing an agent for any purpose. (Sec. 5678, Rev. Codes.) Also, the child's cause of action is a property right, and a parent as such has no control over the property of the child. (Sec. 5839, Id.) It should be noted that no guardian had been appointed in time to give notice within the statutory time after the injury.

The city relies strongly upon the case of *Berry* v. *City of Helena*, 56 Mont. 122, 182 Pac. 117. There is language appearing in the opinion in that case indicating that an action against the city is statutory and does not rest on the common law, and, that being so, that the case falls within the reasoning of the courts that an infant is bound to give the notice the same as an adult. If the language appearing in the *Berry*

*Case* leads to that conclusion it is not controlling here. The statute has since been amended and, as amended, contains this provision: "Provided, however, that this section shall not exempt cities and towns from liability for negligence because of failure to properly place signs, markers or signals to warn persons of excavations or other obstructions existing and caused by said city or town, upon any bridge, street, alley, road, sidewalk, pavement, culvert, park, public ground, ferry-boat, or public works of any kind."

Thus it is clear that the legislature assumed that a right of action exists against a city but that the failure to give the notice constitutes an exemption from liability. The right of action itself exists by virtue of the common law, but Chapter 122, provides for an exemption from liability; or, as stated by Mr. Justice Butler in the concurring opinion in the case of *City and County of Denver* v. *Taylor,* supra (88 Colo. 89, 292 Pac. 598) : "The legislature seeks to impose a restriction upon a right existing independently of statute." Or, as the court said in *Cole* v. *City of St. Joseph,* (Mo. Sup.) 50 S. W. (2d) 623, 627, 82 A. L. R. 742: "Cases like the present one are common-law actions and the giving of notice of the injury to the defendant city is merely a statutory condition precedent engrafted thereon." (To the same effect is *Collins* v. *City of Spokane,* 64 Wash. 153, 116 Pac. 663, 35 L. R. A. (n. s.) 840; and see generally 6 McQuillin Mun. Corporations, 2d ed., sec. 2650, and vol. 1, sec. 124; 19 R. C. L. 1048, and 44 C. J. 1453.)

We hold, therefore, that under the facts in this case the failure of Robert Lazich to give the notice prescribed by Chapter 122, he being at the time a minor of tender years, does not prevent the guardian from maintaining the action for his benefit, notice having been given by the guardian within the statutory time after her appointment as such.

The complaint states facts sufficient to constitute a cause of action against the city. The other defendants have not appeared in this court and have filed no brief. Examination of the complaint convinces us that it states facts sufficient to constitute a cause of action against all the defendants, and the

complaint is not subject to the grounds of the special demurrer interposed by some of the defendants.

The judgment is reversed and the cause remanded with directions to set aside the order sustaining, and to enter an order overruling, the demurrers.

MR. CHIEF JUSTICE JOHNSON and ASSOCIATE JUSTICES MORRIS, ERICKSON and ARNOLD concur.