610 P.2d 1197

**HOLIDAY MANAGEMENT COMPANY, Petitioner,**

v.

**CITY OF SANTA FE, Respondent.**

No. 12867.

Supreme Court of New Mexico.

April 11, 1980.

Montgomery, Andrews & Hannahs, John B. Pound, Santa Fe, for petitioner.

Coppler, Walter, Monnheimer & Bosson, Frank R. Coppler, Santa Fe, for respondent.

## OPINION

FELTER, Justice.

Petitioner, Holiday Management Company, filed suit against Respondent, City of Santa Fe, for damages resulting from the backup of waste from a clogged sewer. The Court of Appeals affirmed an order of dismissal by the trial court for failure to state a cause of action. A writ of certiorari was granted to the petitioner. We reverse the dismissal by the trial court and the decision of the Court of Appeals.

The sole question to be resolved by this Court is whether the provisions of the Tort Claims Act (§§ 41–4–1 to 41–4–25, N.M.S.A. 1978 and Cum.Supp.1979) clothe the respondent with immunity from the suit filed by the petitioner.

The facts which must be assumed to be true by virtue of the dismissal of the complaint of the petitioner follow. On April 9, 1977, a sewer of the respondent was blocked by an accumulation of foreign objects therein. The blockage caused the water in the sewer to back up and spill into petitioner's premises, the Holiday Inn of Santa Fe. Although called three times to take steps to eliminate the problem, the agents, servants and employees of the City of Santa Fe negligently failed to take action to unclog the blocked sewer, damaging petitioner's property.

The one section of the Tort Claims Act which governs the facts of this case, Section 41–4–8, N.M.S.A.1978, reads as follows:

A. The immunity granted pursuant to Subsection A of Section 4 [41–4–4, NMSA 1978] of the Tort Claims Act does not apply to liability for damages resulting from bodily injury, wrongful death or property damage caused by the negligence of public employees while acting within the scope of their duties in the operation of the following public utilities and services: gas; electricity; water; solid or liquid waste collection or disposal; heating; and ground transportation.

B. The liability imposed pursuant to Subsection A of this section shall not

include liability for damages resulting from bodily injury, wrongful death or property damage:

(1) caused by a failure to provide an adequate supply of gas, water, electricity or services as described in Subsection A of this section; or

(2) arising out of the discharge, dispersal, release or escape of smoke, vapors, soot, fumes, acids, alkalis, toxic chemicals, liquids or gases, waste materials or other irritants, contaminants or pollutants into or upon land, the atmosphere or any watercourse or body of water.

■ Subsection 41–4–8(B)(1) refers to the "failure to provide" certain utilities or "services" described in Subsection A of the same statute, the applicable one from Subsection A to this case being "solid or liquid waste collection or disposal". Statutory immunity protects a city from liability for not providing "an adequate supply" of a service so described. The provisions of the controlling statute do not fit precisely every factual situation to be governed by them. We endeavor to relate the statutory language to the facts of this case with as close a fit as that language permits.

A service for solid or liquid waste collection or disposal was supplied to the Holiday Inn by the City of Santa Fe, that service being a connecting sewer line. Nothing in the record suggests that this sewer line supplied by the City was too small or of inadequate design so as not to effectively fulfill its intended purpose. In effect, plaintiff's claim is that this "adequate supply" of "service" was negligently maintained, resulting in damages to plaintiff from that negligence. If the City negligently maintains an adequate service facility provided by it, that negligence has no statutory exemption from liability.

We relate other analogous language in the statute to a hypothetical situation in order to further explain the relationship between supplying a service and maintaining an existing service within the context of this case. If a city does not provide any water, electrical or gas service for a household, or provides such a service in an inadequate quantity or supply, no liability results. If, however, whatever quantity of water, electrical or gas service that is supplied is negligently permitted to become contaminated or hazardous, or to escape from the conduit by which it is supplied and thereby to damage private property, such negligence is actionable and without a sovereign immunity shield from liability.

A prudent property owner would check the availability and adequacy of a connecting sewer line service before he would build or buy a motel. No issue is presented in this case suggesting the nonexistence of a sewer line to service the Holiday Inn, or that such sewer line was too small in diameter or design to be adequate for normal service. The issue is one of negligence, not of unavailability. The pleadings do not present a case within the immunities covered by Subsection B, but rather they state a claim within the liability covered by Subsection A of Section 41–4–8 for "operation of . . . solid or liquid waste collection or disposal" service in a negligent manner.

Annually in most cities real property owners, both residential and commercial, pay a sewer maintenance assessment. Such assessments normally are not for the purpose of constructing new sewer lines where none is in place, or for replacing an existing sewer line having small diameter pipe with a new sewer line having larger diameter pipe. Those assessments are to clean, repair and maintain the sewer lines that are in place.

■ Negligence resulting from a failure to use or the improper use of sewer maintenance funds was not intended to be swept under a governmental immunity rug, where such negligence has resulted in damage to private property. No such construction of Section 41–4–8 is indicated. Indeed, such a construction would be inconsistent with the remedial purpose set out in *Hicks v. State*, 88 N.M. 588, 544 P.2d 1153 (1975), whereby the anachronistic doctrine of common law sovereign immunity was struck down. *See also City of Albuquerque v. Redding,* 93 N.M. 757, 605 P.2d 1156 (1980).

The conclusion of the Court of Appeals must be based upon its interpretation of the statute's use of the word "services" to insulate cities from liability for the service required in maintaining an existing system. We do not agree. The statute's use of the word services is more restrictive and it precludes liability only for the failure of a city to provide the physical system and not for failure of servicing and maintaining an existing system.

The dismissal by the trial court and the decision of the Court of Appeals are reversed. The case is remanded to the trial court to vacate the order of dismissal and to place the case on its trial calendar.

IT IS SO ORDERED.

SOSA, C. J., and EASLEY and PAYNE, JJ., concur.