656 P.2d 244

Betty FERGUSON, Guardian and Conservator of the Estate of Robert Lynne Schlueter, et al., Plaintiffs-Appellants,

v.

NEW MEXICO STATE HIGHWAY COMMISSION, et al., Defendants-Appellees.

No. 4851.

Court of Appeals of New Mexico.

Nov. 30, 1982.

Certiorari Denied Jan. 11, 1983.

Melvin L. Robins, Albuquerque, for plaintiffs-appellants.

Deborah S. Davis, Shaffer, Butt, Thornton & Baehr, P.C., Albuquerque, for New Mexico State Com'n and State of N.M.

OPINION

WALTERS, Chief Judge.

On June 6, 1979, plaintiff Ferguson filed suit on behalf of Robert Schlueter, incapaci-

tated; Santiago Chavez, on behalf of David Chavez, deceased; and Ruben Chavez for himself, alleging injuries to Robert and Ruben and death of David resulting from an automobile accident on June 11, 1977 on State Road 124 in Valencia County. Robert died in July 1980. The district court granted appellees' motions to dismiss on grounds that plaintiffs had not complied with the notice provisions of § 41–4–16, N.M.S.A. 1978 (republished in 1982 Repl.Pamph.).

On appeal, we reversed the district court, 98 N.M. 718, 652 P.2d 740; the supreme court reversed our decision and remanded the case for our consideration of the constitutional claims presented by plaintiffs. *New Mexico State Highway Comm'n v. Ferguson,* 98 N.M. 680, 652 P.2d 230 (S.Ct. 1982).

In their initial and supplemental briefs, plaintiffs challenge the constitutionality of the Tort Claims Act [hereinafter "the Act"], §§ 41–4–1 through 41–4–27, N.M.S.A.1978 (1982 Repl.Pamph.), raising three issues:

   (1) The legislature acted unconstitutionally in enacting the Tort Claims Act following judicial abolition of sovereign immunity;

   (2) The New Mexico Tort Claims Act denies the equal protection guarantees of the United States and New Mexico Constitutions;

   (3)(a) The notice requirement of the Tort Claims as applied in this case, denies plaintiffs due process of law.

   (b) The notice requirement of Tort Claims Act creates a statute of limitations so unreasonably short it denies to claimants due process of law.

(1) *The effect of prior judicial action on sovereign immunity.*

■ N.M.Const., art. III, § 1, prohibits one branch of government from exercising powers properly belonging to either of the other branches. Plaintiffs contend that because the New Mexico Supreme Court struck down the doctrine of sovereign immunity in *Hicks v. State,* 88 N.M. 588, 544 P.2d 1153 (1975), the legislature is prohibited by Art. III, § 1 from declaring a public policy of partial immunity contrary to the judicial pronouncements of *Hicks, supra.*

This argument does not recognize that the legislature is vested with the power to enact laws necessary for the effective exercise of the power reserved to it. N.M. Const. art. IV, § 1.

■ The legislature's plenary authority is limited only by the state and federal constitutions. *Daniels v. Watson,* 75 N.M. 661, 410 P.2d 193 (1966). The legislature makes, the executive executes, and the judiciary construes the laws. *State v. Fifth Judicial District Court,* 36 N.M. 151, 9 P.2d 691 (1932). Our courts recognize that the common law remains as the rule of practice and decision in New Mexico "except as superseded or abrogated by statute or constitution * * *." *Scott v. Rizzo,* 96 N.M. 682, 634 P.2d 1234 (1981); *Ickes v. Brimhall,* 42 N.M. 412, 79 P.2d 942 (1938); *Salazar v. St. Vincent Hospital,* 95 N.M. 150, 619 P.2d 826 (Ct.App.1980). The legislature acted well within its authority in abrogating the common law to the extent provided for in the Act. It substituted statutory partial immunity for common law total immunity and the court's denial of any immunity. Court decisions may be modified by legislative enactment in any manner and to any degree decided by the legislature, so long as the legislation conforms to constitutional standards. N.M.Const., art. IV, §§ 1, 2; *cf.* art. IV, § 34. *See also Kirby v. Larson,* 400 Mich. 585, 256 N.W.2d 400 (1977), a case abolishing the doctrine of contributory negligence, where at footnote 54 Justice Williams observed: "Of course, should it so desire, the Legislature has the power to reinstate contributory negligence or to modify this rule of comparative negligence." The New Mexico legislature modified the holding in *Hicks v. State, supra,* as it had the right to do.

(2) *Denial of equal protection under the Act.*

■ Claimants urge that equal protection is denied under the Act because the classification of activities for which liability may

be imposed is arbitrary and unreasonable, and because relatively poor governmental entities may be able to assert immunity on grounds that their financial limitations preclude expenditures for insurance which other governmental entities may be able to afford or obtain through state funding. (*See* §§ 41–4–2, 41–4–22, N.M.S.A.1978 (1982 Repl.Pamph.)).

A divided panel of this court held, in *Garcia v. Albuquerque Public Schools Bd.,* 95 N.M. 391, 622 P.2d 699 (Ct.App.1980), that the limitation of liability to special kinds of governmental activity did not violate the equal protection clause because of arbitrary or unreasonable classification. The New Mexico Supreme Court, by quashing its writ of certiorari, declined to review that decision. Additionally, plaintiffs have not asserted in this appeal that the activities of these defendants fall within a category of activities not included in the Tort Claims Act, thus depriving them of a cause of action.

On the second ground, the spectre of non-existent or insufficient insurance to cover "every risk for which immunity has been waived," § 41–4–20, N.M.S.A.1978 (1982 Repl.Pamph.), is removed by the requirements and provisions of that section and §§ 41–4–23 through –25, N.M.S.A.1978 (1982 Repl.Pamph.).

As with the claim of unreasonable classification, there is similarly no contention made that if no procedural barriers to suit were present, plaintiffs would be denied a remedy because of the financial status of any of the defendants. They have not shown how any of their rights are affected by the asserted denial of equal protection either because of classified activities or impecunious defendants; consequently, they are without standing to raise the issue. *Terry v. New Mexico State Highway Com'n,* 98 N.M. 119, 645 P.2d 1375, 1377 (1982).

(3) *Denial of due process under the notice provision.*

■ (a) Section 41–4–16 A of the Act requires a person claiming damages for a governmental tort to give written notice of claim to a specifically designated governmental authority within 90 days of the occurrence giving rise to the claim. An additional period of up to 90 days is allowed for persons who are incapacitated, due to injury, from giving the required notice. Section 41–4–16 B. Notice may be filed by the personal representative of the estate of a deceased within six months of the occurrence of injury resulting in death. Section 41–4–16 C. Schlueter and Chavez argue that, as applied to them, the notice provision violates their rights to due process of law.

■ The purpose of the notice requirement is four-fold: (1) to enable the person or entity to whom notice must be given, or its insurance company, to investigate the matter while the facts are accessible; (2) to question witnesses; (3) to protect against simulated or aggravated claims; and (4) to consider whether to pay the claim or to refuse it. *Martinez v. City of Clovis,* 95 N.M. 654, 625 P.2d 583 (Ct.App.1980). Determination of what is reasonably necessary for the preservation of the health, safety, and welfare of the general public is a legislative function and should not be interfered with absent clear abuse. *State v. Collins,* 61 N.M. 184, 297 P.2d 325 (1956).

Appellants contend that the period of giving notice denies an incapacitated victim due process of law. Here, however, Schlueter and the David Chavez Estate had retained counsel before the six-month limit for giving notice had run. There is no showing that counsel, acting on their behalf, could not have given notice within the time provided by the statute. Without a showing that notice could not be given within the statutory period, plaintiffs necessarily urge that the additional time for notice to be given on behalf of an incapacitated person or on behalf of the estate of a deceased violates due process as a matter of law. Our answer to this contention is the same as our answer to the following issue.

■ (b) Appellant's final argument is that the notice requirement is unreasonably

short, constituting denial of due process to claimants under the Act. Notice provisions, such as the one challenged here, do operate as statutes of limitations since they are conditions precedent to filing a suit. *Espanola Housing Authority v. Atencio,* 90 N.M. 787, 568 P.2d 1233 (1977). *Terry v. New Mexico State Highway Commission,* 98 N.M. 119, 645 P.2d 1375 (1982), held that § 37–1–27, N.M.S.A.1978, allowed under some circumstances an unreasonably short period for plaintiffs to file suit. The supreme court declared that the statute barring personal injury or wrongful death actions against contractors, engineers, and architects for faulty construction or physical improvement to real property is a bar to causes of action which accrue after ten years from the date of substantial completion of the construction project. *Terry* upheld the 10-year period under attack there insofar as it required that a cause of action accrue within that period. It held further, however, that actions accruing on a date less than three years before the ten-year period had run were not barred, since the general statute of limitations allowed three years and a shorter period had not been specified in the statute.

Plaintiffs here contend that a 90-day statute of limitations is unreasonably short, relying on the facts of *Terry* which indicated 85 days between accrual of the cause of action and expiration of the 10-year period. *Terry,* however, did not involve the Tort Claims Act, nor did § 37–1–27 provide a specific notice time limit. The unique status of the government as defendant, in the judgment of the legislature, warranted enactment of the Act's 90-day notice provision, particularly when viewed in the light of stated purposes underlying notice requirements. *Martinez v. City of Clovis, supra;* § 41–4–2, N.M.S.A.1978. The notice provisions of the Act are not unconstitutional on either ground urged by plaintiff.

Accordingly, the judgment of the trial court is AFFIRMED.

WOOD and LOPEZ, JJ., concur.