657 P.2d 629

**Terry Lee COLE, Plaintiff-Appellant,**

v.

**The CITY OF LAS CRUCES, New Mexico, a municipal corporation, Rio Grande Natural Gas Association, a corporation and Smith and Aguirre Construction Company, Defendants-Appellees.**

**No. 14207.**

Supreme Court of New Mexico.

Jan. 20, 1983.

E.H. Williams, Las Cruces, for plaintiff-appellant.

John A. Darden, Ralph W. Richards, Las Cruces, Robert F. Turner, Roswell, Robert Kelley, Las Cruces, Leroi Farlow, Albuquerque, for defendants-appellees.

## OPINION

FEDERICI, Justice.

Terry Lee Cole (plaintiff) filed this action for damages against the City of Las Cruces, New Mexico (City) and Rio Grande Natural Gas Association (Association), and Smith and Aguirre Construction Company. This appeal involves only the City and the Association.

Plaintiff was injured as a result of a natural gas explosion which occurred about ten miles beyond the City limits. The district court entered judgment for defendants on the ground that the action against the City is governed by the New Mexico Tort Claims Act (Act), Sections 41–4–2 through 41–4–27, N.M.S.A.1978. The district court also held that the Association was an instrumentality of the City and governed by the Act. Plaintiff was granted an interlocutory appeal. We affirm in part and reverse in part.

The issues presented on appeal are:

1. Is the cause of action against the City governed by the New Mexico Tort Claims Act.

2. Is this cause of action against the Rio Grande Natural Gas Association governed by the New Mexico Tort Claims Act.

3. Is the City immune from suit because it had no authority to operate the gas transmission line beyond the City's five-mile extraterritorial limits.

### 1. The City and the New Mexico Tort Claims Act.

In *Hicks v. State,* 88 N.M. 588, 544 P.2d 1153 (1975), this Court abolished the common law doctrine of sovereign immunity, thus permitting tort actions to be maintained against governmental agencies. The Legislature responded in 1976 by enacting the Act, 1976 N.M.Laws, ch. 58 § 1 (Sections 41–4–2 through 41–4–27, N.M.S.A. 1978), to retain governmental immunity except in eight enumerated classes of activity. *Methola v. County of Eddy,* 95 N.M. 329, 622 P.2d 234 (1980); *Garcia v. Albuquerque Public Schools Bd.,* 95 N.M. 391, 622 P.2d 699 (Ct.App.1980), *cert. quashed,* (January 27, 1981). *See generally* Kovnat, TORTS: SOVEREIGN AND GOVERNMENTAL IMMUNITY IN NEW MEXICO, 6 N.M.L.Rev. 249 (1976).

Against this background, we view the Act and the gas line explosion that resulted in injuries to plaintiff to determine whether the cause of action against the City is gov-

erned by the Act. Section 41–4–4(A) provides:

A. A governmental entity and any public employee while acting within the scope of duty are granted immunity from liability for any tort *except as waived by Sections 41–4–5 through 41–4–12 NMSA 1978.* Waiver of this immunity shall be limited to and governed by the provisions of Section 41–4–13 ` through 41–4–25 NMSA 1978. (Emphasis added.)

Section 41–4–8(A) provides the following exception to immunity granted by Section 41–4–4(A). It provides:

A. The immunity granted pursuant to Subsection A of Section 4 [4–41–4 NMSA 1978] of the Tort Claims Act does not apply to liability for damages resulting from bodily injury, wrongful death or property damage caused by the negligence of public employees while acting within the scope of their duties in the operation of the following public utilities and services: gas; electricity; water; solid or liquid waste collection or disposal; heating; and ground transportation.

Plaintiff was injured when a gas line explosion occurred at San Miguel, New Mexico, approximately ten miles beyond the City limits. The City's authority to operate a natural gas utility is derived from the state. *Bowdich v. City of Albuquerque,* 76 N.M. 511, 416 P.2d 523 (1966).

Section 3–25–3(A)(2), N.M.S.A.1978 provides:

A. The natural gas utility may include, but is not limited to:

\*   \*   \*   \*   \*   \*

(2) in the municipality *and within five miles of the municipal boundary,* facilities for the distribution of natural gas. The gas utility shall include any land or real estate needed for the location of any such facilities. (Emphasis added.)

In *City of Las Cruces v. Rio Grande Gas Company,* 78 N.M. 350, 352, 431 P.2d 492, 494 (1967), this Court held that "Las Cruces did not have authority to provide natural gas service to customers more than five miles beyond its municipal boundary." Liability of the City under the Tort Claims Act was not considered by this Court in that case.

Plaintiff's claims that the City was operating the natural gas pipeline as an independent contractor and in violation of Section 3–25–3(A)(2) which restricts the City's natural gas operations to the municipality and a point not in excess of five miles from the City's boundaries, citing *City of Las Cruces v. Rio Grande Gas Company, supra* and therefore since the gas line explosion occurred more than five miles beyond the City's boundaries, the City was operating the natural gas pipeline transmission and distribution system outside the scope of the governmental immunity provided in the New Mexico Tort Claims Act. We disagree. The two Acts, Gas Utility Act (Sections 3–25–1 through 3–25–6, N.M.S.A. 1978), and the New Mexico Tort Claims Act (Sections 41–4–2 through 41–4–27), are independent and neither act controls the other.

Section 41–4–2(A) sets forth the public policy on immunity of governmental entities. It reads, in part:

[I]t is declared to be the public policy of New Mexico that governmental entities and public employees shall only be liable within the limitations of the Tort Claims Act (citation omitted) and in accordance with the principles established in that act.

Section 41–4–17(A) provides the exclusive remedy for recovery by plaintiffs for harm resulting from any tort committed by a governmental entity and for which governmental immunity has been waived. This section provides in part:

The Tort Claims Act [citation omitted] shall be the exclusive remedy against a governmental entity or public employee for any tort for which immunity has been waived under the Tort Claims Act and no other claim, civil action or proceeding for damages, by reason of the same occurrence, may be brought against a governmental entity or against the public employee or his estate whose act or omission gave rise to the suit or claim \* \* \*

Section 41–4–3(B) defines a "governmental entity."

B. "governmental entity" means the state or *any local public body* as defined in Subsections C and G of this section. (Emphasis added.)

Subsection C defines a local public body as:

C. "local public body" means all political subdivisions of the state *and their agencies, instrumentalities and institutions;* (Emphasis added.)

■ Under the Tort Claims Act, the City is a "governmental entity" within the context of the Act, because of its legal status as a "local public body" and as a "political [subdivision] of the state." *See Holiday Management Co. v. City of Santa Fe,* 94 N.M. 368, 610 P.2d 1197 (1980); *City of Albuquerque v. Redding,* 93 N.M. 757, 605 P.2d 1156 (1980); *Tompkins v. Carlsbad Irr. Dist.,* 96 N.M. 368, 630 P.2d 767 (Ct.App. 1981).

■ We find no expression in the Act which supports plaintiff's contention that the City, in operating this natural gas transmission and distribution pipeline outside of the prescribed statutory limits, is excluded from the Act. On the contrary, the City was operating the gas transmission and distribution system in its capacity as a governmental entity. The operation of this natural gas system, even though beyond the statutory limitations imposed by Section 3–25–3(A)(2), does not deprive the City of the exclusive right, remedy and obligation provision of the Act.

## 2. The Association and the New Mexico Tort Claims Act.

■ Subsection C of Section 41–4–3 defines a "local public body" to mean political subdivisions of the State and their agencies and *instrumentalities.* Under the facts of this case, it is evident that the Association is not an instrumentality of the City, within the meaning of Section 41–4–3(C), and is not therefore covered by the Act.

Generally, it is acknowledged that a subsidiary and its parent corporation are viewed as independent corporations, *Intern U. United Auto, Etc. v. Cardwell Mfg. Co.,* 416 F.Supp. 1267 (D.Kan.1976). *See also* Annot., 38 A.L.R.3d 1102 (1971).

It is true that in the present case the Association entered into a cooperative services agreement with the City on June 21, 1971, which was approved by the New Mexico Public Service Commission. The agreement provided that the City was "to solely operate and maintain the Association's entire natural gas transmission and distribution system," including operation of the system to "Customers in the Mesilla and Rincon Valleys." The agreement further provides that "the City shall have the right to supervise, direct and control the employees of the Association." But the important fact yet remains that the Association is a private corporation and is not the type of "instrumentality" contemplated within the context of the Act. There may be situations where a private corporation may be so organized and controlled, and its affairs so conducted, as to make it merely an instrumentality or adjunct of a municipality under the terms of the Act. *Cf. Pacific Can Co. v. Hewes,* 95 F.2d 42 (9th Cir.1938). However, this is not such a case.

## 3. Ultra vires acts of the City.

■ The City contends that its operation of the Association natural gas transmission and distribution system was beyond its authority. It contends that the operation was ultra vires because the City entered into a cooperative services agreement with the Association in violation of Section 3–25–3(A)(2). *See City of Las Cruces v. Rio Grande Gas Company, supra.* Accordingly, the City contends it is not liable under the Act to plaintiff at all because the agreement was an unauthorized action by the City Commission. We disagree.

By reason of the results we have reached under Point 1 of this opinion, this issue is now foreclosed. Under Point 1, we reached the conclusion that plaintiff's cause of action against the City is governed by the New Mexico Tort Claims Act. We there stated that the Act covered "any tort" committed by the City, including torts committed outside the five-mile statutory limits.

The City's contention under this point is inconsistent with its position under Point 1 and no doubt was raised as an alternative to be considered only if this Court had held that the City's liability was not governed by the Tort Claims Act.

The City freely entered into an agreement, approved by the New Mexico Public Service Commission, to operate and maintain a natural gas system beyond the prescribed statutory boundaries. If the City negligently maintains a gas service provided by it, that negligence is actionable and there exists no sovereign immunity to shield it from liability under the Act. *Holiday Management Co. v. City of Santa Fe, supra.* The City cannot take complete control of and accept the benefits from the operation of the natural gas transmission and distribution system and at the same time avoid its obligations by characterizing its acts as ultra vires.

The trial court is affirmed as to Issues 1 and 3. The trial court is reversed as to Issue 2. The cause is remanded for further proceedings consistent with this opinion.

IT IS SO ORDERED.

RIORDAN, J., and FRANK H. ALLEN, Jr., District Judge, concur.