694 P.2d 1365

Raymond T. HOWIE,
Plaintiff-Appellant,

v.

Bobby G. STEVENS, d/b/a Foodmart,
Stevens Enterprises, Inc., a New Mexico
corporation, John Doe and John Doe
Insurance Company, Defendants-Appel-
lees,

and

Tri-State Wholesale Associated Grocers,
Inc., Defendant.

No. 7351.

Court of Appeals of New Mexico.

May 8, 1984.

Certiorari Quashed Jan. 29, 1985.

Albert H. Engel, Las Cruces, for plaintiff-appellant.

Eric Scott Jeffries, Sager, Curran, Sturges & Tepper, P.C., Albuquerque, for defendants-appellees.

## OPINION

HENDLEY, Judge.

Plaintiff appeals the trial court's dismissal of his common law personal injury action and his workmen's compensation action on summary judgment motions. The personal injury action was dismissed because workmen's compensation was determined to be plaintiff's exclusive remedy. The workmen's compensation action was dismissed as barred by the statute of limitations. We discuss defendants' motion to dismiss the appeal, the child labor law, and the Workmen's Compensation Act, and reverse.

Plaintiff was injured on or about February 12, 1977, when he worked as a carry out boy/stocker at the Foodmart grocery store in Las Cruces. As he bent over to price jars in cases on the floor of a grocery aisle, four cases of canned goods, which were stacked on a cart with other cases before being put on the shelves, fell on his back. Plaintiff was knocked "flat on the case" on the floor by the impact. Following the accident, plaintiff was very stiff and sore. He was under the care of a chiropractor until approximately May 1977. Plaintiff's birth date is December 1, 1961. He was fifteen years old at the time of the accident. He did not receive workmen's compensation, but the employer, Bobby G. Stevens, personally paid his medical bills. Plaintiff did not file this action based on the accident until December 1, 1980, after he had enlisted in the Navy and then been discharged because of the discovery of permanent back damage.

Plaintiff seeks relief under two causes of action: common law personal injury and workmen's compensation. Defendants are Bobby G. Stevens (d/b/a Foodmart, Stevens Enterprises, Inc.), who owned and operated the Foodmart store at the time of the accident; Tri-State Wholesale Associated Grocers, Inc., whose employees allegedly stacked the cases on the cart; and John Doe and the John Doe insurance company, the company which provided Foodmart's workmen's compensation coverage. Bobby G. Stevens (d/b/a Foodmart, a/k/a Stevens Enterprises, Inc.) and American Fire and Casualty Company are the defendants-appellees in this appeal. A personal injury action against Tri-State is pending in the trial court but Tri-State is not a party in this appeal.

### Defendants' Motion to Dismiss the Appeal

Defendants have filed a motion to dismiss plaintiff's appeal pursuant to NMSA 1978, Crim., Child.Ct., Dom.Rel. & W/C App. Rules 102 and 404 (Repl.Pamp.1983). We find the arguments are without merit and do not bear repeating. Defendants cannot distinguish between violations of rules which are insufficient to warrant dismissal and plaintiff's arguments of law. Defendants have not demonstrated any prejudice from plaintiff's errors in failing to cite the record and carelessly quoting a single statute. Defendants' argument that "Plaintiff's appeal is frivolous and has prejudiced Defendants in having to respond to an appeal without merit" is frivolous.

### Summary Judgment on the Common Law Personal Injury Action

The common law remedy was considered by the court to have been superseded by plaintiff's exclusive remedy in workmen's compensation. On appeal, plaintiff presents three arguments. We need only discuss the argument that the employer violated the following child labor law statute in the employment of plaintiff: NMSA 1953, Section 59–6–2 (2d Repl.Vol. 9, pt. 1, 1974) (NMSA 1978, Section 50–6–2).

#### a. Child Labor Law

Under *Maynerich v. Little Bear Enterprises, Inc.,* 82 N.M. 650, 485 P.2d 984 (Ct.App.1971), the employment contract of an illegally employed minor is at least voidable, giving that minor employee the right to pursue a common law action against the employer if the minor is injured in the employment. In *Maynerich,* plaintiff was injured during the course of his employment with defendant when he was told to "climb upon the fork lift to designate the placement of bales of hay after they had been unloaded from the truck." At the time of the injury, plaintiff was fifteen years old. He brought a common law action for damages. The trial court assumed for the purpose of defendant's summary judgment motion that plaintiff's employment fell within the law prohibiting a child under the age of sixteen from working in " 'any employment dangerous to lives and limbs, * * * ' ". Quoting from NMSA 1953, § 59–6–5 (2d Repl.Vol. 9, pt. 1, 1974). The trial court granted the employer's summary judgment motion finding that plaintiff's exclusive remedy was under the Workmen's Compensation Act. We reversed and held that since the employment was in violation of the child labor law the contract was illegal and could not be relied on by the employer in order to come within the protections of the Workmen's Compensation Act.

#### b. NMSA 1953, Section 59–6–2 (2d Repl.Vol. 9, pt. 1, 1974) (NMSA 1978, Section 50–6–2)

**59–6–2. Certificate for children fourteen to sixteen during school term.**—No child over the age of fourteen [14] years and under the age of sixteen [16] years *shall be employed or permitted to labor* at any gainful occupation during the term of the school of the district in which the child resides, unless the child has procured and filed permit certificate as herein provided for.

(Emphasis added.)

This statute was not discussed in *Maynerich,* and it does not appear that New Mexico appellate courts have ever applied the statute.

The issue of the permit was not raised below by plaintiff. However, it is still an issue in this appeal because defendants had the burden of showing a legal contract of employment. As we stated in *Maynerich:* "[I]f the employer * * * seeks to avail itself of the Workmen's Compensation Act as a bar to a common law action, then it must show a valid contract of employment between it and [the plaintiff]."

There is not a legal contract of employment without a permit because the employer has committed a misdemeanor by hiring the minor who does not have a permit. *See* NMSA 1953, § 59–6–13 (2d Repl. Vol. 9, pt. 1, 1974) (NMSA 1978, § 50–6–12). Section 59–6–2 puts the burden on the

employee to procure the permit, but it also says "[n]o child * * * shall be employed", which speaks to the employer's responsibility. Defendants did not produce a labor permit and, in order to make a prima facie showing of a legal contract of employment, that was their burden. Plaintiff's employment came within Section 59-6-2 because: 1) he was fifteen years old at the time of the accident, and 2) his employment was during the school term.

■ Defendants read Section 59-6-2 to require a permit only when a child aged fourteen to sixteen works during hours school is in session. They argue that "during the term of school" means during the hours of school. They refer to NMSA 1978, Section 50-6-1. (*See* NMSA 1953, § 59-6-1 (2d Repl.Vol. 9, pt. 1, 1974).) That statute does not help their interpretation; it refers to children under the age of fourteen. It also specifically refers to *"hours* during which the schools * * * are in session" (emphasis added) showing that the Legislature knew to specify "hours" when that was its intention. In addition, NMSA 1953, Section 59-6-8(C) (2d Repl. Vol. 9, pt. 1, 1974) in describing the information necessary for a work permit application, details extra information required when the child aged fourteen to sixteen wishes to work "during the session hours of the school * * *." It would be unnecessary to distinguish between the general application and an application to work during school hours, if the permit were required only when the child wished to work during school hours. Defendants' reading of Section 59-6-2 is incorrect.

■ The court erred in granting summary judgment against plaintiff on the common law action because defendant movant had not made a prima facie case that workmen's compensation was plaintiff's exclusive remedy. A prima facie case must include evidence of a legal contract of employment. There is no legal contract of employment with a worker under the age of sixteen without a permit.

■ As to the argument that plaintiff's employment fell within the prohibited occupations for children under sixteen, NMSA 1953, Section 59-6-5 (2d Repl.Vol. 9, pt. 1, 1974) (NMSA 1978, Section 50-6-4), we need only state that defendants introduced nothing. We have only plaintiff's affidavit and deposition which described the carts and how they moved. It was defendants' burden to show there was no genuine issue of material fact. Plaintiff's description of the carts raises an issue of how unsteady the carts were; the issue is material because 1,500 to 3,000 pounds of goods were typically stacked on the cart and cases had fallen off before plaintiff's accident. Defendants failed to carry their burden. *Goodman v. Brock*, 83 N.M. 789, 498 P.2d 676 (1972).

### Summary Judgment on the Workmen's Compensation Claim

NMSA 1953, Section 59-10-13.6(A) (2d Repl.Vol. 9, pt. 1, 1974) (NMSA 1978, Section 52-1-31) provides that the one-year statute of limitations for filing a complaint in workmen's compensation, which begins to run upon denial or failure of payment, is tolled during the time the injured employee remains employed by the defendant employer up to a period not to exceed one year. This tolling provision applies because plaintiff continued to work at Foodmart after recovery in May 1977 until April 1978. Therefore, the statute of limitations expired in February 1979. Plaintiff's complaint, filed December 1, 1980, was over one and one-half years late.

Plaintiff presents three arguments to show that the filing was timely. 1) The statute of limitations did not begin to run until October 1980 when plaintiff was discharged from the service because before that time he had not discovered his injury. 2) The statute of limitations was tolled during the time of plaintiff's minority. 3) The statute of limitations was tolled by employer Stevens' fraud or misrepresentation in telling plaintiff's father that plaintiff was not covered by workmen's compensation.

**1) The statute of limitations did not begin to run until October 1980 when plaintiff was discharged from the service because before that time he had not discovered his injury.**

▪ This is not a case where the injured worker was unaware that there was a compensable injury. The plaintiff's father asked about workmen's compensation coverage soon after the accident. Plaintiff was unable to return to work for approximately two and one-half months; and even then, he could not perform all of the tasks he had done prior to his injury. *Compare Sedillo v. Levi-Strauss Corp.*, 98 N.M. 52, 644 P.2d 1041 (Ct.App.1982). These facts are not contested; there is no genuine issue of material fact on discovery of a compensable injury.

**2) The statute of limitations was tolled during the time of plaintiff's minority.**

Plaintiff became eighteen on December 1, 1979. The statute of limitations, allowing for the one-year extension for continued employment, expired in February 1979. Therefore, plaintiff was a minor the entire time the limitation period ran. Plaintiff argues that policy and due process require that plaintiff be given a reasonable period of time after his eighteenth birthday in which to sue.

This Court has already determined that NMSA 1978, Section 37-1-10, which provides a one-year extension for minors and incapacitated persons on limitation periods on certain actions, does not apply to workmen's compensation actions. *Lent v. Employment Sec. Com'n of State of N.M.*, 99 N.M. 407, 658 P.2d 1134 (Ct.App.1982). Without the application of this statute and the absence of any such extension provision in the Workmen's Compensation Act, were plaintiff's due process rights violated?

▪ Assuming the constitutional theory is properly before this Court, it must be considered in the posture of the summary judgment. Defendants made a prima facie showing that the statute of limitations had expired prior to plaintiff's complaint. It was then plaintiff's burden to show the existence of a genuine issue of material fact. A material fact to the issue of a denial of due process would be that plaintiff *could not* file suit prior to the expiration of the limitation period. Plaintiff's minority does not create an issue as argued by plaintiff. NMSA 1978, Civ.P. Rule 17(c) (Repl.Pamp.1980) does not prevent a minor from filing a lawsuit; it merely provides alternatives, in that a representative of the minor may file suit on his behalf, and the court may appoint a guardian ad litem if necessary to protect the minor's interest. *See* 3A J. Moore & J. Lucas, *Moore's Federal Practice* § 17.26 (2d ed. 1982). *But see* J. Walden, *Civil Procedure in New Mexico* § 6b (1st ed. 1973); *Iriart v. Johnson*, 75 N.M. 745, 411 P.2d 226 (1965). (Language in *Iriart*, 75 N.M. at 751, 411 P.2d 226, seems to indicate that a minor is only able to institute a lawsuit through a guardian or representative.) Unlike the 90-day old infant in *Tafoya v. Doe*, 100 N.M. 328, 670 P.2d 582 (Ct.App.1983), there are no facts in the record to show that plaintiff, employed since the age of fourteen, was unable to file suit. (*Tafoya* involved giving notice for purposes of the Tort Claims Act; however, it is analogous because notice was jurisdictional and would have defeated the infant's claim.) Application of the limitation period does not deprive plaintiff of his right of action without due process.

**3) The statute of limitations was tolled by employer Stevens' fraud or misrepresentation in telling plaintiff's father that plaintiff's injury was not covered by workmen's compensation.**

Contrary to defendants' argument, there is evidence in the record to support plaintiff's factual contention. Defendant Stevens stated in an affidavit that he "may have said Raymond T. Howie's particular injury was not covered by our workmen's compensation policy." If he is now asserting that the existence of workmen's compensation makes that plaintiff's exclusive remedy, then the policy must have covered plaintiff's injury. There is no evidence in

the record that the policy did not cover the injury; therefore, the statement was a misrepresentation for the purpose of the summary judgment motion.

Defendants argue that they never misled plaintiff into believing he would receive workmen's compensation, the only circumstance which excuses the plaintiff's failure to file a timely claim. NMSA 1953, Section 59–10–14 (2d Repl.Vol. 9, pt. 1, 1974) provides:

> **Effect of failure of workman to file claim or bring suit by reason of conduct of employer.**—The failure of any person entitled to compensation under the Workmen's Compensation Act [59–10–1 to 59–10–37] to give any notice, file any claim, or bring suit within the time fixed by the Workmen's Compensation Act shall not deprive such person of the right to compensation where the failure was caused in whole or in part by the conduct of the employer or insurer which reasonably led the person entitled to compensation to believe the compensation would be paid.

Plaintiff argues: 1) the statute of limitations should not run until the employee discovers his injury is covered by insurance where the employer has denied that it is, and 2) denial of coverage estops the employer from later asserting coverage to deny plaintiff a remedy. Plaintiff's arguments are contra to *Stasey v. Stasey*, 77 N.M. 436, 423 P.2d 869 (1967).

*Stasey* was a workmen's compensation case arising out of a compensable injury on July 14, 1962. Defendants paid plaintiff benefits until September 21, 1963. After that date, negotiations between the parties' attorneys took place; defendants never promised plaintiff that benefits would be paid. Eventually, plaintiff filed a claim on November 11, 1964. During the negotiation time, the insurance adjustor had told plaintiff's attorney that plaintiff had received benefits through November 25, 1963. In reliance on this information, plaintiff's attorney planned to file suit before the expiration of the statute of limitations on November 25, 1964. The suit was filed on November 11, after defendants' attorney told plaintiff's attorney that he understood benefits had been paid only to September 21, 1963. The trial court determined that plaintiff's suit was time-barred under Section 59–10–13.6, which provides that the workman has the duty to file suit within one year "after the failure or refusal of the employer or insurer to pay compensation." The Supreme Court affirmed. The court rejected plaintiff's argument that the statute of limitations was tolled by the insurance company's misrepresentation.

> The legislature has seen fit in some thirty-eight years to enact only the one provision for extending the time in which a claimant may file his claim under the workmen's compensation act, and this provision does not embrace conduct such as that upon which claimant here relies * * *.

> * * * [T]he legislature has taken action only on the one occasion to provide for reasons or excuses which will extend the time within which suit must be filed, which reasons or excuses are set forth in § 59–10–14, N.M.S.A.1953; we are not inclined to ignore this express statutory language and the legislative intent manifested by that language and by the continued concurrence of the legislature for over thirty-eight years in this court's construction and application of that language, nor are we inclined to reverse our position so uniformly adhered to over so many years.

This reasoning is only strengthened by the passage of approximately fifteen additional years of legislative inaction. Misrepresentation that the employee will receive benefits remains the only reason the workmen's compensation limitation period is tolled. *See* NMSA 1978, § 52–1–36.

Accordingly, defendants' motion to dismiss the appeal is denied; summary judgment on the common law right of action is reversed; and summary judgment on the workmen's compensation claim is affirmed. Plaintiff is awarded appellate costs.

IT IS SO ORDERED.

NEAL, J., concurs.

ALARID, J., concurring in result only.