855 P.2d 1060

**Ralph ERWIN, as next friend of his son Albert Erwin, a minor, Plaintiff–Appellee,**

**and**

**Ralph ERWIN, Individually, Plaintiff,**

v.

**The CITY OF SANTA FE, A Municipal Corporation, Defendant–Appellant.**

**No. 13620.**

Court of Appeals of New Mexico.

May 21, 1993.

Steven K. Sanders, Albuquerque, for plaintiff-appellee.

R. Galen Reimer, Paul L. Civerolo, Civerolo, Hansen & Wolf, P.A., Albuquerque, for defendant-appellant.

Kenneth C. Downes, Mark Patrick Geiger, McClaugherty, Silver & Downes, P.C., Albuquerque, for amicus curiae State of N.M., Risk Management Div.

William H. Carpenter, Michael B. Browde, Albuquerque, for amicus curiae N.M. Trial Lawyers Ass'n.

## OPINION

BLACK, Judge.

Defendant City of Santa Fe ("the City") brings this interlocutory appeal from the district court's denial of the City's motion for summary judgment. On July 12, 1990, fourteen-year-old Albert Erwin was hit by a car while riding his bicycle; on March 5, 1991, Plaintiffs, Albert and his father, Ralph Erwin, brought suit against the City on a theory of negligent maintenance and inspection of the street where the accident occurred. The Tort Claims Act requires notice of a claim to the governmental entity involved within ninety days of the occurrence. NMSA 1978, § 41–4–16 (Repl.Pamp.1989). The City received notice 125 days after the accident. The district court dismissed the father's claim because of the late notice, but denied the City's motion for summary judgment against the child on the ground that the time limitation of Section 41–4–16 was tolled because Albert was a minor. The City filed a motion seeking interlocutory review of the denial of its motion for summary judgment against the child. We find the present record raises questions of material fact as to the City's motion and affirm.

## SECTION 41–4–16 DOES NOT VIOLATE DUE PROCESS ON ITS FACE

Plaintiffs' action against the City is governed by the New Mexico Tort Claims Act, NMSA 1978, §§ 41–4–1 to –27 (Repl.Pamp.1989 & Cum.Supp.1992) (the Act). The public policy of New Mexico is that a governmental entity, which includes the City, shall only be liable within the limitations of the Act. Section 41–4–2(A); § 41–4–3(B), (C); *see Cole v. City of Las Cruces*, 99 N.M. 302, 305, 657 P.2d 629, 632 (1983) (a city is a governmental entity under the Act).

Section 41–4–16(A) provides:

Every person who claims damages from the state or any local public body under the Tort Claims Act [41–4–1 to 41–4–27 NMSA 1978] shall cause to be presented ... within ninety days after an occurrence giving rise to a claim for which immunity has been waived under the Tort Claims Act, a written notice stating the time, place and circumstances of the loss or injury.

Appellee argues *Tafoya v. Doe*, 100 N.M. 328, 670 P.2d 582 (Ct.App.), *cert. quashed*, 100 N.M. 327, 670 P.2d 581 (1983), "held that application of the ninety (90) day notice requirement of the New Mexico Tort Claim Act to a child 'is unreasonable and violates due process.'" We think this reads *Tafoya* too broadly. A statute may violate due process on its face, or as applied to a particular litigant. *New Mexico State Racing Comm'n v. Yoakum*, 113 N.M. 561, 829 P.2d 7 (Ct.App.1991), *cert. denied*, 113 N.M. 352, 826 P.2d 573 (1992). A statute which is facially constitutional may, then, be unconstitutional as applied. *Id.; Jiron v. Mahlab*, 99 N.M. 425, 426, 659 P.2d 311, 312 (1983).

The application of the notice requirements of the Act has been challenged on due process grounds and we have held the application of the Act to be both constitutional and unconstitutional, depending on the facts presented. In *Ferguson v. New Mexico State Highway Comm'n*, 99 N.M. 194, 656 P.2d 244 (Ct.App.1982), *cert. denied*, 99 N.M. 226, 656 P.2d 889 (1983), the plaintiffs argued the notice requirements

of Section 41–4–16 violated due process both on the face of the statute and as applied to them. Speaking for this Court, Chief Judge Walters considered the facts relevant to whether the notice provisions of the Act, as applied to incapacitated or deceased victims, violated due process:

Appellants contend that the period of giving notice denies an incapacitated victim due process of law. Here, however, Schlueter and the David Chavez Estate had retained counsel before the six-month limit for giving notice had run. There is no showing that counsel, acting on their behalf, could not have given notice within the time provided by the statute. Without a showing that notice could not be given within the statutory period, plaintiffs necessarily urge that the additional time for notice to be given on behalf of an incapacitated person or on behalf of the estate of a deceased violates due process as a matter of law. Our answer to this contention is the same as our answer to the following issue.

*Ferguson,* 99 N.M. at 196, 656 P.2d at 246. Chief Judge Walters then rejected the argument that the ninety-day notice limitation was unreasonably short per se, and concluded, "The notice provisions of the Act are not unconstitutional on either ground urged by plaintiff." *Id.* at 197, 656 P.2d at 247.

In *Tafoya,* this Court was called upon to determine whether the ninety-day notice requirement violated due process guarantees when applied to a different set of facts. In that case, the plaintiff mother received a transfusion of Rh positive blood at Carrie Tingley Hospital in March 1972. *Tafoya,* 100 N.M. at 330, 670 P.2d at 584. It was undisputed the mother was in fact Rh negative. After she became pregnant, her physician discovered the Rh sensitization in her blood and alerted her to the likelihood of a blood immunization problem in the child. *Id.* In August 1979, the baby was born with a severely involved blood immunization condition which required numerous transfusions. *Id.* This Court, again speaking through Chief Judge Walters, found there was a fact question suffi-

cient to preclude summary judgment as to when the mother knew she was injured and thus when she had a duty to give notice of her tort claim to Carrie Tingley. Chief Judge Walters analyzed how the notice requirement of Section 41–4–16 would apply to the infant:

It cannot be doubted that the baby in this case, from the date of her birth until she was a mere eleven months old, was infinitely less able to comply with the statutory 90–day notice requirement of § 41–4–16 than were any of the minor plaintiffs in the above cited cases, or those in *McCrary v. City of Odessa,* 482 S.W.2d 151 (Tex.1972); *Turner v. Staggs,* 89 Nev. 230, 510 P.2d 879 (1973); *City of Barnesville v. Powell,* 124 Ga. App. 132, 183 S.E.2d 55 (1971); *Lazich v. Belanger,* 111 Mont. 48, 105 P.2d 738 (1940). All of these cases reflect the view that one unable to comply with a notice requirement by reason of minority is protected by the reasonableness requirements of the common law, the Fourteenth Amendment to the United States Constitution, or similar provisions in their state constitutions.

... There is nothing suggesting the baby was incapacitated from giving notice by reason of injury, § 41–4–16(B); thus the baby was required to give notice under § 41–4–16(A) within 90 days after the occurrence giving rise to the baby's claim. In this case, the claim arose when the baby was born, and the baby was required to give notice not later than the 91st day of her life. In the absence of a provision, *compare* § 41–4–16(C), providing for notice on the baby's behalf, application of the notice provision to the baby is unreasonable and violates due process.

*Id.* at 332, 670 P.2d at 586.

█ Contrary to Appellee's assertion, then, we do not believe *Tafoya* held that application of the notice provision of Section 41–4–16(A) to any minor, whatever the circumstances, would violate due process. Nor would such a broad reading of *Tafoya* be consistent with our decision in *Howie v. Stevens,* 102 N.M. 300, 694 P.2d 1365 (Ct. App.1984), *cert. quashed,* 102 N.M. 293,

694 P.2d 1358 (1985). In *Howie*, the plaintiff was fifteen years old at the time he was injured in an on-the-job accident in February 1977. His employer paid the minor's medical bills but did not provide workmen's compensation benefits. *Id.* at 301, 694 P.2d at 1366. The plaintiff enlisted in the Navy and was discharged based on the discovery of his permanent back damage. The plaintiff then sought tort damages and workmen's compensation benefits in December 1980, more than three years after the accident. *Id.* This Court held that the application of the one-year statute of limitations to bar the minor's workmen's compensation claim did not violate the plaintiff's right to due process:

> A material fact to the issue of a denial of due process would be that plaintiff *could not* file suit prior to the expiration of the limitation period. Plaintiff's minority does not create an issue as argued by plaintiff.... Unlike the 90–day old infant in *Tafoya v. Doe*, 100 N.M. 328, 670 P.2d 582 (Ct.App.1983), there are no facts in the record to show that plaintiff, employed since the age of fourteen, was unable to file suit. (*Tafoya* involved giving notice for purposes of the Tort Claims Act; however, it is analogous because notice was jurisdictional and would have defeated the infant's claim.) Application of the limitation period does not deprive plaintiff of his right of action without due process.

102 N.M. at 304, 694 P.2d at 1369.

■ Due process is not a technical abstraction unrelated to time, place, and circumstances, but rather an embodiment of fundamental ideas of fair play and justice. *Lassiter v. Department of Social Services*, 452 U.S. 18, 24, 101 S.Ct. 2153, 2158, 68 L.Ed.2d 640 (1981); *In re Oliver*, 333 U.S. 257, 282, 68 S.Ct. 499, 512, 92 L.Ed. 682 (1948) (Rutledge, J., concurring). Due process, then, is a malleable principle which must be molded to each situation, considering both the rights of the government and the rights of the individual. *In re Valdez*, 88 N.M. 338, 341, 540 P.2d 818, 821 (1975). Application of due process principles is therefore intensely practical and the nature of due process negates inflexible procedures. *Goss v. Lopez*, 419 U.S. 565, 578, 95 S.Ct. 729, 738, 42 L.Ed.2d 725 (1975); *Gonzalez v. Gonzalez*, 103 N.M. 157, 163, 703 P.2d 934, 940 (Ct.App.1985).

■ In the instant case, the district court found that Albert was hospitalized and incapacitated for sixteen days. The district court also recognized there was "a fact question regarding when Plaintiffs retained counsel for this claim."

While the district court went on to conclude that "any minor solely because of his 'minor' status is not required to give any notice within ninety days under the Tort Claims Act," we are not persuaded that the district court erred in denying the City's motion. As we have noted, interpretation and application of due process principles are founded upon an intensely practical process. Under SCRA 1986, 1–056(C) (Repl.1992), the City as the moving party was required to show that "there is no genuine issue as to any material fact and that [it] is entitled to a judgment as a matter of law." The City relied on Albert's failure to comply in a timely fashion with the notice provisions of Section 41–4–16(A). As we have construed that provision, there are factual issues in this case that preclude summary judgment. They include the question of when Albert retained counsel, whether he was otherwise able to comply, and whether, based on the facts, application of the notice provision to him would violate due process. Because of these factual issues, we conclude that, although the district court construed *Tafoya* too broadly, the district court did not err in denying the City's motion for summary judgment. *See Naranjo v. Paull*, 111 N.M. 165, 170, 803 P.2d 254, 259 (Ct.App.1990) (district court will be affirmed when result correct for a reason not relied on below).

While we disagree with the district court's broad reading of *Tafoya*, on this record we affirm the denial of the City's motion for summary judgment.

IT IS SO ORDERED.

MINZNER, C.J., concurs.

APODACA, J., specially concurs.

APODACA, Judge, specially concurring.

Although I concur in the majority's conclusion that the trial court's denial of summary judgment should be affirmed, I disagree with both the majority's analysis and its interpretation of *Tafoya v. Doe*, 100 N.M. 328, 670 P.2d 582 (Ct.App.), *cert. quashed sub. nom. Carrie Tingley Hosp. v. Tafoya*, 100 N.M. 327, 670 P.2d 581 (1983). The majority, in my view, has adopted an unworkable, fact-based interpretation of *Tafoya* that will lead eventually to confusion for the trial courts and bar, as well as unnecessary appeals. This is so because neither the courts nor trial bar would have any guidance or criteria concerning the question of whether sufficient facts are present in a particular case to toll the limitations period. Rather, I would hold that the trial court correctly determined that, under *Tafoya*, minors are excused from complying with the notice requirement contained in NMSA 1978, Section 41–4–16(A) (Repl.Pamp.1989).

I disagree with the majority's conclusion that *Tafoya* did not hold that application of the notice requirement to any minor would violate due process. *Tafoya* stated:

All of these cases reflect the view that one unable to comply with a notice requirement by reason of minority is protected by the reasonableness requirements of the common law, the Fourteenth Amendment to the United States Constitution, or similar provisions in their state constitutions.

*Tafoya*, 100 N.M. at 332, 670 P.2d at 586. Although not discussed by the majority, the cases relied on in *Tafoya* involved minors as old as nineteen years of age. *McDonald v. City of Spring Valley*, 285 Ill. 52, 120 N.E. 476 (1918) (age seven); *Grubaugh v. City of St. Johns*, 384 Mich. 165, 180 N.W.2d 778 (1970) (age nineteen); *McCrary v. City of Odessa*, 482 S.W.2d 151 (Tex.1972) (age eighteen); *Cook v. State*, 83 Wash.2d 599, 521 P.2d 725 (1974) (en banc) (age thirteen). Additionally, *Tafoya* noted:

It is axiomatic that the constitutional provision of due process extends to protect that "property" construed to be a vested right and that generally an accrued right of action is a vested property right which may not be arbitrarily impinged.

. . . .

To take away [plaintiff's] cause of action ... because [being under legal disability] he could not meet the notice provisions of the act would deprive him of a vested right of action without due process of law.

*Tafoya*, 100 N.M. at 331, 670 P.2d at 585 (quoting *Grubaugh*, 180 N.W.2d at 781, 783). As observed in *Tafoya*, minors are incapable of appointing an agent or an attorney, and therefore a minor should not be left to the " 'whim or mercy of some self-constituted next friend to enforce its rights.' " *Id.* at 332, 670 P.2d at 586 (quoting *McDonald*, 120 N.E. at 478). Additionally, I point out that, in the time since *Tafoya* was decided, the legislature has not chosen to make the notice requirement explicitly applicable to minors, with or without limitation.

The majority believes that reading *Tafoya* as barring application of the notice requirement to any minor is inconsistent with *Howie v. Stevens*, 102 N.M. 300, 304, 694 P.2d 1365, 1369 (Ct.App.1984), *cert. quashed*, 102 N.M. 293, 694 P.2d 1358 (1985). I respectfully disagree. First, *Howie* was a workers' compensation case, and as such, did not directly address the notice requirement of the Tort Claims Act. *Tafoya* was mentioned only as a case with facts "analogous" to those in *Howie*. I myself would not draw that analogy. Second, when *Howie* was decided, it was well established that minors did not receive any extension to limitation periods for workers' compensation actions. *Howie*, 102 N.M. at 304, 694 P.2d at 1369. Finally, I believe that *Howie* misconstrued *Tafoya* as being fact-based. In my view, the majority perpetuates the error by continuing that reading of *Tafoya*. Indeed, to the extent that *Howie* may be interpreted as the majority suggests, I would limit its application

strictly to its facts in workers' compensation cases, or overrule it altogether.

In summary, because I would hold that, under *Tafoya*, minors are excused as a matter of law from complying with the 90–day notice requirement, I concur in the result only and do not join in the majority's analysis and discussion.