923 P.2d 604

**Ralph RIDER, as guardian and next friend of Joelle Rider, a minor, Plaintiff–Appellant,**

v.

**ALBUQUERQUE PUBLIC SCHOOLS, Defendant–Appellee.**

**No. 16385.**

Court of Appeals of New Mexico.

July 10, 1996.

Certiorari Denied Sept. 5, 1996.

David M. Berlin, Lori M. Bencoe, Duhigg, Cronin & Spring, P.A., Helena Gorochow, Albuquerque, for Appellant.

Arthur D. Melendres, George R. McFall, Jennifer A. Noya, Modrall, Sperling, Roehl, Harris & Sisk, P.A., Albuquerque, for Appellee.

William H. Carpenter, Cynthia A. Fry, Albuquerque, for Amicus Curiae, NM Trial Lawyers Association.

*OPINION*

BOSSON, Judge.

1. This case reexamines the question first addressed by this Court in *Tafoya v. Doe,* 100 N.M. 328, 670 P.2d 582 (Ct.App.), *cert. quashed,* 100 N.M. 327, 670 P.2d 581 (1983), whether the ninety day notice provision in the Tort Claims Act, NMSA 1978, Sections 41–4–1 to –27 (Repl.Pamp.1989 & Cum.Supp. 1995), applies to minors who are incapable themselves of meeting that responsibility. *See* § 41–4–16. As a corollary question, we examine whether children may be held to ninety day notice when their parents or other relatives are not shown to be unable to provide notice for them. We answer both ques-

tions in the negative, reverse the district court, and remand for further proceedings.

*FACTS*

2. Joelle Rider, then a six-year-old first grader, claims to have been seriously injured when she fell from "monkey bars" while on the playground at S.Y. Jackson Elementary School in Albuquerque, New Mexico in October 1992. That evening her grandmother notified Joelle's teacher of her fall and her apparent symptoms. The teacher reported the telephone call to the school principal the next day. Joelle missed several weeks of school thereafter.

3. In March 1994, approximately seventeen months later, after Joelle's grandfather contacted legal counsel, a formal Tort Claims Act notice was presented to Albuquerque Public Schools (APS) on Joelle's behalf. This lawsuit followed claiming that Joelle's injuries were caused by various acts of negligence involving the maintenance and operation of the school playground. APS filed a motion for summary judgment on the grounds that APS had not been notified within ninety days of Joelle's injury and the potential legal claim as required by Section 41–4–16(A) and (B). APS also denied it had received actual notice under Section 41–4–16(B), as Plaintiff maintained, based on what Joelle's grandmother had told her teacher on the evening of the injury. The district court decided for APS on both grounds. We conclude that the district court incorrectly applied the ninety day notice requirement of Section 41–4–16(A) to a minor of Joelle's tender years, and accordingly we reverse and remand. In light of our disposition of the notice issue under Section 41–4–16(A), we do not discuss actual notice.

*DISCUSSION*

4. At the outset, we must clarify two matters not disputed below. First, the issue of fact that arose in *Erwin ex rel. Erwin v. City of Santa Fe*, 115 N.M. 596, 598–99, 855 P.2d 1060, 1062–63 (Ct.App.1993), concerning a teenager's ability to comply with the ninety day notice clearly is not present in Joelle's case. As a six-year-old, Joelle had no ability to comply with the ninety day notice provision, and the parties do not dispute this fact. That, in itself, distinguishes this case from

*Erwin* and the case principally relied on therein, *Howie v. Stevens*, 102 N.M. 300, 694 P.2d 1365 (Ct.App.1984), *cert. quashed*, 102 N.M. 293, 694 P.2d 1358 (1985), a workers' compensation case, which involved a fifteen-year-old boy who arguably may have been capable of appreciating legal deadlines and complying unassisted with statutory notice and limitation requirements. Second, we note the absence of any evidentiary showing below that Joelle's grandparents, who have custody of Joelle, were incapable of providing Tort Claims Act notice on Joelle's behalf or of hiring an attorney to do so for her. Therefore, we also take as a given that Joelle's grandparents were fully capable of acting for her. The district court apparently found this fact determinative and dismissed Joelle's claim because the grandparents could have provided notice for her but did not do so.

5. This brings us to the heart of the problem. Should this Court, in the absence of any clear legislative direction, ascribe a legal duty to parents, adult relatives, or "next friends" to act on a minor's behalf and provide timely notice? And when the adult fails to perform, may we hold the minor accountable by dismissing the lawsuit even though the minor, like Joelle, may be utterly blameless? This Court indicated in *Tafoya* that we should not impute to the child the negligence of the adult. In the thirteen years since the *Tafoya* decision, the legislature has not clarified the matter by legislating a duty for parents or other relatives to give notice on the child's behalf. *Cf. Erwin*, 115 N.M. at 600, 855 P.2d at 1064 (Apodaca, J., specially concurring) ("Additionally, I point out that, in the time since *Tafoya* was decided, the legislature has not chosen to make the notice requirement explicitly applicable to minors, with or without limitation."). We know of no New Mexico case imposing such a duty on parents without legislative mandate, and APS has not directed our attention to one.

6. The Tort Claims Act has no explicit provision for tolling the time within which a minor is required to provide notice under the Act. *Compare* § 41–4–16(A) and (B) *with* § 41–4–15(A) (statute of limitations for

bringing an action under the Tort Claims Act tolled until minor reaches age nine). Nor does the Act designate anyone else to give notice on a minor's behalf. *Compare* § 41–4–16(A) and (B) *with* § 41–4–16(C). This Court previously held in *Tafoya* that the ninety day notice period did not apply to those minors too young to comply, thereby avoiding a due process challenge to the Act. 100 N.M. at 332, 670 P.2d at 586. *Tafoya* involved injury to a newborn baby. *Id.* at 330, 670 P.2d at 584.

7. APS asks this Court to reexamine *Tafoya* in light of recent case law. APS first notes our later decision in *Erwin*, in which we held that some minors may be sufficiently mature to appreciate legal responsibilities and thus become obligated to comply with the ninety day notice provision. 115 N.M. at 598–99, 855 P.2d at 1062–63. As we said in *Erwin*, whether application of the notice provision to a minor would violate due process is a question of fact depending on the minor and depending on the circumstances. *Id.* at 597–98, 855 P.2d at 1061–62. Second, APS correctly points out that both the notice and the statute of limitations provisions in the Tort Claims Act have withstood recent constitutional challenges. *See, e.g., Marrujo v. New Mexico State Highway Transp. Dep't*, 118 N.M. 753, 759–61, 887 P.2d 747, 753–55 (1994) (notice provision); *Powell v. New Mexico State Highway & Transp. Dep't*, 117 N.M. 415, 420–21, 872 P.2d 388, 393–94 (Ct. App.) (notice provision), *cert. denied*, 117 N.M. 524, 873 P.2d 270 (1994); *Jaramillo v. State*, 111 N.M. 722, 724–27, 809 P.2d 636, 638–41 (Ct.App.) (statute of limitations provision), *cert. denied*, 111 N.M. 416, 806 P.2d 65 (1991). APS asks us to acknowledge the legitimate choices the legislature is entitled to make in applying a short notice provision to all would-be litigants without an exception for minors or at least for those minors who can be represented by competent adults. APS argues that the ninety day notice period, even if applied to infant children, would not violate due process as applied in these cases.

8. However, *Marrujo, Powell,* and to some extent *Jaramillo* uphold notice requirements and statutes of limitation against broad-based challenges to the ability of the legislature to make distinctions between suits against the state and private litigation. None of these cases involves the special disability of being a minor incapable of satisfying notice provisions, and we do not find them persuasive with respect to the problem before us. The legislative prerogative to choose a notice provision, either long or short, that applies to everyone does not address the special situation of children. If we were to assume our legislature intended the ninety day notice to apply to infants incapable of protecting themselves, this would be the same as the legislature choosing to exclude children altogether from the Act, except for those few fortunate enough to have notice filed for them by adult representatives.

9. We are more persuaded by *Garcia ex rel. Garcia v. La Farge*, 119 N.M. 532, 893 P.2d 428 (1995), which relied upon *Terry v. New Mexico State Highway Commission*, 98 N.M. 119, 645 P.2d 1375 (1982), a case this Court found instructive in *Tafoya*, 100 N.M. at 332, 670 P.2d at 586. *Garcia* and *Terry* stand for the proposition that due process problems may arise when an otherwise valid statute of repose leaves an unreasonably short period of time for certain victims to pursue their legal claims. The reasonableness of a statutory notice or limitations period as applied to a specific plaintiff is a common thread running through these cases which is shared by Joelle. Today we apply this reasonableness requirement, as developed in *Garcia, Terry,* and *Tafoya,* to Joelle's case.

10. APS argues that when the legislature required ninety day notice without creating a special mechanism for minors, it must have intended the parent to act for the child. APS argues that we do not need specific legislative language to recognize this parental duty. According to APS, it is implicit in the parent-child relationship that, as a practical matter, young children can only act through their parents or other legal guardians. Although we agree that this is a plausible interpretation of the Act, it is certainly not the only interpretation, nor the most compelling, particularly in light of *Tafoya*.

11. Other jurisdictions have spoken with clarity on the subject, some citing expressly to *Tafoya*. Many of these opinions are from neighboring states and, in our judgment, deserve careful thought. Generally, these cases stand for the proposition that although a parent may choose to act on the child's behalf by providing notice or initiating a lawsuit, the law does *not* impose a duty on the parent to do so, at least not without a specific statute to that effect. Many of these cases conclude that without an express legal duty to act for the child, it would violate due process to condition the legal rights of the child upon the gratuitous performance of the adult. *See Antonopoulos v. Town of Telluride*, 187 Colo. 392, 532 P.2d 346, 350 (1975) (en banc) (rejecting argument that because a minor may act through a parent or natural guardian, the minor's rights can be prejudiced by the actions or inaction of the parent); *Cintron ex rel. Cintron v. City of Colorado Springs*, 886 P.2d 291, 295 (Colo.Ct. App.1994) (because a parent has no legal responsibility to pursue minor's personal injury claim, minor may not be charged with parent's negligence in failing to provide notice of claim on behalf of minor), *cert. denied* (Jan. 17, 1995); *Doe v. Durtschi*, 110 Idaho 466, 476, 716 P.2d 1238, 1248 (1986) (minor should not have to rely upon the actions of others for the protection of minor's rights); *Lazich v. Belanger*, 111 Mont. 48, 105 P.2d 738, 739 (1940) (imputing parental negligence to the minor child when parents failed to give notice of claim would "fritter away" minor's right of action); *Banda v. Danner*, 87 Or. App. 69, 741 P.2d 514, 516 (1987) (minor child's rights would be dependent upon parents who had no legal responsibility to protect the child's legal interests), *aff'd*, 307 Or. 302, 766 P.2d 385 (1988) (en banc); *Scott v. School Bd. of Granite Sch. Dist.*, 568 P.2d 746, 747 (Utah 1977) (parents have no obligation to their minor children other than a moral one and have no specific legal duty to protect a minor child's legal interests by giving notice or filing suit); *Hunter v. North Mason High Sch.*, 12 Wash.App. 304, 529 P.2d 898, 900 (1974) (en banc) (minor's right of action should not depend on his having an astute adult who knows how to take the proper steps to file minor's claim), *aff'd*, 85 Wash.2d 810, 539 P.2d 845 (1975).

12. These cases do not stand unopposed; there is contrary authority that would create such a duty in the parent even without legislative language and allow the child to suffer any consequences of the parent's neglect. *See Faucher v. City of Auburn*, 465 A.2d 1120, 1125 (Me.1983) (determining that minor's rights were sufficiently protected by statutory provision that parent, or other agent, may file notice of claim on child's behalf); *George v. Town of Saugus*, 394 Mass. 40, 474 N.E.2d 169, 171 (1985) (notice requirements should not be tolled for minors because their interests can be protected by their guardians); *Holsman v. Village of Bigfork*, 284 Minn. 460, 172 N.W.2d 320, 322 (1969) (because minor child lacked capacity to give notice of claim, the required notice had to be given on his behalf by his mother who did have capacity to act); *Ocampo v. City of Racine*, 28 Wis.2d 506, 137 N.W.2d 477, 481 (1965) (when a minor may not be able to act for himself, his parent or guardian can act for him to preserve his right of recovery). *See generally* Harold D. Gordon, Note, *Notice of Claim Provisions: An Equal Protection Perspective*, 60 Cornell L.Rev. 417, 425–27 (1975) (discussing constitutional implications of notice of claim provisions when applied to minors).

13. We continue to believe that in the absence of clear-cut legislative direction, *Tafoya* and the cases that support it strike the better balance. We note that New Mexico, like many other states, has a long tradition of interpreting laws carefully to safeguard minors. *See, e.g., Collins ex rel. Collins v. Tabet*, 111 N.M. 391, 806 P.2d 40 (1991) (discussing duties of guardian and courts on behalf of children); *Iriart v. Johnson*, 75 N.M. 745, 751, 411 P.2d 226, 229 (1965) (refusing to apply defense of laches against a minor); *Garcia v. Middle Rio Grande Conservancy Dist.*, 99 N.M. 802, 808, 664 P.2d 1000, 1006 (Ct.App.) ("A trial court in an action involving minor children has a special obligation to see that they are properly represented, not only by their own representatives, but also by the court itself."), *cert. denied*, 99 N.M. 740, 663 P.2d 1197 (1983), *overruled on other grounds by Montoya v. AKAL Sec., Inc.*, 114 N.M. 354, 356–57, 838 P.2d 971, 973–74 (1992); *Wasson v. Wasson*, 92 N.M. 162, 163, 584 P.2d 713, 714 (Ct.App.

1978) ("It is the duty of a trial court and this Court to protect legal rights of children."). We fear this tradition would be seriously undercut and children unnecessarily put at risk if we were to infer a parental duty to act for the child from no more than legislative silence and then to impute to the child the consequences of parental default.

14. We also are not confident of where such a doctrine would lead us. For example, if a parent negligently omits a child's Tort Claims Act notice, then in later years does the child have a claim for negligence against the parent? Should we rely on mere silence in the Tort Claims Act to arrive at such a result? Equally troubling, if public policy were to prohibit the child from suing the parent, then according to what APS urges us to do, we would be compounding the malevolent effects of the parent's error: (1) the child would be barred from pursuing his or her lawsuit for damages, and (2) the child would be left with no recourse against anyone for the resulting loss. We would rather not proceed down such a path.

15. In sum, we hold that trial courts may recognize a disputed question of fact of the kind referred to in *Erwin* when there is evidence from the child's maturity of an ability to protect his or her legal rights or perhaps when someone has been specifically hired or appointed to protect those rights. However, the mere presence of a parent, relative, next friend, or other adult is not persuasive as to the ability of the child to comply with the Act and does not create a question of fact on that issue. In light of the undisputed facts in this case that Joelle at no time could act for herself with regard to the Tort Claims Act, we hold that Section 41–4–16(A) does not apply to her claim. Accordingly, we reverse and remand for further proceedings in this cause not inconsistent with this opinion. Plaintiff is awarded his costs on appeal.

16. IT IS SO ORDERED.

DONNELLY and WECHSLER, JJ., concur.