2001–NMCA–024

23 P.3d 931

Lisa JARAMILLO, as Guardian and Next Friend of Anthony Jaramillo, a Minor, Plaintiff–Appellant,

v.

The BOARD OF REGENTS of the UNIVERSITY OF NEW MEXICO HEALTH AND SCIENCES CENTER, Defendant–Appellee.

No. 20,805.

Court of Appeals of New Mexico.

March 12, 2001.

Certiorari Granted May 9, 2001.

David M. Berlin, Duhigg, Cronin, Spring & Berlin, P.A., Helena Gorochow, Albuquerque, NM, for Appellant.

W. Ann Maggiore, RMD Legal Bureau, Santa Fe, NM, for Appellee.

William H. Carpenter, Michael B. Browde, Albuquerque, NM, for Amicus Curiae New Mexico Trial Lawyers Association.

Thomas L. Murphy, Beall & Biehler, P.A., Albuquerque, NM, for Amicus Curiae New Mexico Defense Lawyers Association.

## OPINION

PICKARD, Judge.

{1} This case is the latest in a series of cases involving the limitations periods of the Tort Claims Act. *See* NMSA 1978, §§ 41–4–1 to 27 (1976, as amended through 1999), and particularly § 41–4–15. We must decide whether prior cases, which hold that the 90 day notice provision of Section 41–4–16 does not apply to minors who are incapable of meeting it, apply to this case involving the statute of limitations. We hold that they do, and therefore we reverse and remand for further proceedings.

## FACTS

{2} Plaintiff's complaint alleged that Anthony Jaramillo was born in 1990 and developed a seizure problem in 1991 for which he was treated in 1992. The treatment included administration of phenobarbital. Shortly thereafter, Anthony became ill with a blood platelet disorder, for which he was treated at Defendant's hospital. The hospital took Anthony off the phenobarbital, and Plaintiff contends that as a result, Anthony suffered a grand mal seizure in March 1993, causing severe brain damage, including physical and mental disability, for which Plaintiff seeks damages on Anthony's behalf. The complaint was filed in April 1999. Defendant filed a motion to dismiss, alleging that Plaintiff failed to comply with the statute of limitations. The trial court granted the motion, and Plaintiff appealed.

## DISCUSSION

{3} Section 41–4–15(A) provides that actions against the government shall be commenced within two years of the date of occurrence, "except that a minor under the full

age of seven years shall have until his ninth birthday in which to file. This subsection applies to all persons regardless of minority or other legal disability." Section 41–4–16, at issue in the prior cases, provides that no action may be brought under the Tort Claims Act unless written notice of the claim is given within 90 days of the occurrence giving rise to the claim.

{4} We first decided the issue of whether the 90 day notice provision could be applied to minors in *Tafoya v. Doe*, 100 N.M. 328, 331–32, 670 P.2d 582, 585–86 (Ct.App.1983). In that case, a baby was injured at birth and notice of her claim was not given until 11 months later. We held that the notice provision was void as violating the baby's due process rights. *Id.* We stated that application of the notice provision to the 11 month old baby was unreasonable inasmuch as she was absolutely unable to comply with it. *Id.* at 332, 670 P.2d at 586. We expressly did not decide the issue of whether the burden of giving notice could be placed on another. *Id.*

{5} That latter issue was addressed in *Rider v. Albuquerque Public Schools*, 1996–NMCA–090, 122 N.M. 237, 923 P.2d 604. The child in *Rider* was a six-year-old first grader, incapable of acting on her own behalf, and she was in the custody of her grandparents, who, this Court stated, were fully capable of giving notice on her behalf. *Id.* ¶¶ 2, 4. Under these circumstances, we held that *Tafoya* controlled insofar as the child's abilities were concerned, and that since the Legislature had chosen not to expressly require a parental or custodial duty of giving notice, the grandparents were likewise not required to give notice lest the child suffer the consequences of parental or custodial neglect in a situation the Legislature did not intend. *Id.* ¶¶ 9, 11–15, 100 N.M. 328, 670 P.2d 582.

■ {6} We recognize that this case involves the limitations period of Section 41–4–15, and not the notice provision of Section 41–4–16. However, our cases do not distinguish notice and limitations provisions for due process purposes, and in fact, *Tafoya* expressly stated that the notice provision operated as a statute of limitation. *Tafoya*, 100 N.M. at 331, 670 P.2d at 585.

{7} We also recognize that the limitations period provides what may be considered a long tolling provision for minors-up to seven years for a person injured at birth in the context of what is otherwise a two-year limitation. However, our cases involving children do not focus on the absolute or relative length of time of the requirement, and instead focus on whether it is reasonable to expect a person in the injured child's circumstances to be able to meet the requirement. *Rider*, 1996–NMCA–090, ¶ 9, 122 N.M. 237, 923 P.2d 604.

{8} Defendant relies heavily on one case that involved someone alleged to lack competency due to the accident. That case is *Jaramillo v. State*, 111 N.M. 722, 726–27, 809 P.2d 636, 640–41 (Ct.App.1991), and it upheld the statute at issue here against a due process attack in part based on the reasoning that the notice provision involved the very short period of 90 days whereas the statute of limitation provision involved the much longer time of two years. However, *Jaramillo* was expressly distinguished in *Rider*, 1996 NMCA 090, ¶ 8, 122 N.M. 237, 923 P.2d 604 on the ground that it did not involve the special disability of being a minor. And we are at a loss to distinguish the reasoning applied to minors in *Rider* from the situation here, regardless of the length of the particular provision at issue.

{9} This case was decided below in the context of a motion to dismiss. On its face, the record shows a child, severely injured and disabled at the age of two, who filed suit by his next friend shortly after his ninth birthday. Defendant sought to make no showing of any facts that would raise an issue about whether the child was capable, by any stretch, of understanding or appreciating his injuries and the need to file suit. Defendant likewise made no showing of any facts that would raise an issue about whether someone on the child's behalf should have filed suit under the circumstances. Both of these issues were left open by the *Rider* case as potential factual issues that could cause the limitation period to be constitutional in appropriate circumstances. *Id.* ¶¶ 4, 15 (contrasting two cases involving teenagers who may have been capable of appreciating legal deadlines with the six-year-old child at issue

in that case); *Id.* ¶ 15 (contrasting the situation when someone has been specifically hired or appointed to protect the child's rights).

{10} Defendants did not show below, nor do they rely on appeal on, any factual circumstances that would take this case out of the general rule set forth in *Rider,* i.e., that, as a matter of due process, a child who is incapable of meeting a statutory deadline cannot have that deadline applied to bar the child's right to legal relief. The parties and amicus spend large portions of their briefs arguing the equal protection issues raised by this case. In our view, such argument only serves to confuse what is otherwise a simple and straightforward issue. *Rider* was decided on. due process grounds. Those grounds apply with equal force to the situation in this case of a child incapable of meeting the statutory deadline on his own and without anyone specifically appointed, either in fact or in law, to help.

## CONCLUSION

{11} Being unable to distinguish this case from the reasoning used in *Rider,* we reverse the order of dismissal and remand for further proceedings.

{12} **IT IS SO ORDERED.**

WE CONCUR: JAMES J. WECHSLER, Judge, CYNTHIA A. FRY, Judge.