2004-NMCA-123

100 P.3d 204

**Lisa JARAMILLO, as guardian and next friend of Anthony Jaramillo, a minor, Plaintiff–Appellant,**

v.

**Marie HEATON, as personal representative of the Estate of Fred Heaton, M.D., deceased, Defendant–Appellee.**

**No. 21,613.**

Court of Appeals of New Mexico.

Aug. 17, 2004.

Certiorari Denied, No. 28,878, Oct. 19, 2004.

David M. Berlin, Frank Spring, Duhigg, Cronin, Spring, Berlin & Wagner, P.A. Helena Gorochow, Albuquerque, NM, for Appellant.

Alice Tomlinson Lorenz, Terri L. Sauer, Jennifer L. Stone, Miller Stratvert P.A., Albuquerque, NM, for Appellee.

William H. Carpenter, Carpenter & Stout Ltd., Michael B. Browde Albuquerque, NM,

for Amicus Curiae New Mexico Trial Lawyers Association.

Thomas L. Murphy Rosenfelt Barlow & Borg PA, Albuquerque, NM, for Amicus Curiae New Mexico Defense Lawyers Association.

Lynn S. Sharp, Jason Bowles, Charles P. List, Sharp & Bowles P.A., Albuquerque, NM, for Amicus Curiae New Mexico Medical Society.

## OPINION

PICKARD, Judge.

{1} This case presents the issue of whether the statute of limitations on filing a claim under the Medical Malpractice Act (the Act), NMSA 1978, § 41–5–13 (1976), violates the due process rights of a minor who would be required to file a malpractice claim by age nine under its terms. Because of our cases that have held that the notice provision and the statute of limitations of the Tort Claims Act violate due process in similar circumstances, we hold that the Act's statute of limitations also violates the due process rights of minors falling under this provision. Accordingly, we reverse and remand for proceedings consistent with this opinion.

## FACTS AND PROCEDURAL HISTORY

■ {2} Because this case arises from the grant of a motion to dismiss, we take the well-pleaded facts stated in the complaint to be true. *Valles v. Silverman*, 2004–NMCA–019, ¶ 6, 135 N.M. 91, 84 P.3d 1056. Anthony Jaramillo (Child) was born on February 2, 1990. Child developed a seizure disorder and on or about April 13, 1992, his pediatrician (Defendant) prescribed phenobarbital for him. On April 27, 1992, Defendant discontinued the phenobarbital and referred Child to the University of New Mexico Hospital (UNMH) for care. On March 25, 1993, Child suffered a grand mal seizure that resulted in serious disability.

{3} On August 27, 1999, Lisa Jaramillo (Plaintiff) filed suit as Child's next friend, alleging that Defendant was negligent in discontinuing the phenobarbital and not prescribing an alternative anti-seizure medication despite his knowledge of Child's dis-

order. Defendant moved to dismiss on statute of limitations grounds, and the district court granted this motion. Plaintiff appealed.

{4} Plaintiff had also filed a separate suit against UNMH in April 1999, which the district court had dismissed on statute of limitations grounds under the Tort Claims Act. *See Jaramillo v. Bd. of Regents of Univ. of N.M. Health & Scis. Ctr.*, 2001–NMCA–024, ¶ 2, 130 N.M. 256, 23 P.3d 931 (*Jaramillo I*). We reversed the district court in *Jaramillo I*, holding that the Tort Claims Act's statute of limitations violated Child's due process rights. *Id.* ¶ 1. UNMH applied for a writ of certiorari for our Supreme Court to review the decision in *Jaramillo I*, and the Court granted the writ. *Jaramillo v. Bd. of Regents of Univ. of N.M. Health & Scis. Ctr.*, 130 N.M. 254, 23 P.3d 929 (2001).

{5} We certified the appeal in the present case to our Supreme Court so it could be considered in conjunction with *Jaramillo I*. Although our Supreme Court originally accepted certification in June 2001, the Court quashed certification and remanded the case back to this Court in June 2004 when it quashed certiorari in *Jaramillo I*. Both parties and Amici Curiae New Mexico Trial Lawyers Association, New Mexico Defense Lawyers Association, and New Mexico Medical Society filed briefs in either this Court or the Supreme Court. We have considered the briefs, as well as the post-mandate filings and the argument heard in the Supreme Court, and we now proceed to review the merits of the case.

## DISCUSSION

■ {6} This case presents only one question: does the Act's statute of limitations violate Child's constitutional rights? We review this legal question de novo. *Fernandez v. Walgreen Hastings Co.*, 1998–NMSC–039, ¶ 1, 126 N.M. 263, 968 P.2d 774.

{7} Section 41–5–13 states:

No claim for malpractice arising out of an act of malpractice which occurred subsequent to the effective date of the Medical Malpractice Act [this article] may be brought against a health care provider unless filed within three years after the date

that the act of malpractice occurred except that a minor under the full age of six years shall have until his ninth birthday in which to file. This subsection [section] applies to all persons regardless of minority or other legal disability.

Plaintiff argues that this provision violates Child's due process rights because it is unreasonable to require a minor to bring a claim on his or her own behalf at age nine. We agree.

{8} We begin with the notion that "considerations of fairness implicit in the Due Process Clauses of the United States and New Mexico Constitutions dictate that when the [L]egislature enacts a limitations period it must allow a reasonable time within which existing or accruing causes of action may be brought." *Garcia v. La Farge*, 119 N.M. 532, 541, 893 P.2d 428, 437 (1995). To determine whether a statute of limitations meets this requirement, we look at the reasonableness of the amount of time provided to file a claim, given the circumstances of the claimant. For example, our Supreme Court has held that a ten-year statute of limitations on actions against architects, engineers, and contractors was unreasonable as it applied to a cause of action accruing near the end of the ten years. *Terry v. N.M. State Highway Comm'n*, 98 N.M. 119, 120–23, 645 P.2d 1375, 1376–79 (1982). It also held that the Act's three-year statute of limitations was unreasonable when applied to a claimant whose cause of action accrued just 85 days before the limitation expired. *Garcia*, 119 N.M. at 542, 893 P.2d at 438.

{9} We have developed the concept of reasonableness in the context of minors' claims by looking more broadly at the barriers that all minors face. In *Rider v. Albuquerque Public Schools*, 1996–NMCA–090, ¶ 15, 122 N.M. 237, 923 P.2d 604, we held that the 90–day notice provision of the Tort Claims Act did not apply to minors in the absence of a factual dispute about whether the minor had the capacity to give notice on his or her own within the prescribed time or a dispute about whether a specific adult had a duty to protect the minor's rights. In *Jaramillo I*, 2001–NMCA–024, ¶ 11 we extended that rule to the Tort Claims Act

statute of limitations. We now hold that the *Rider* rule applies to the statute of limitations in the Act.

{10} Defendant seeks to distinguish other due process cases on a number of grounds. First, Defendant argues that the Act's provision is different because it specifically contemplates the statute of limitations for minors, unlike the notice provision in *Rider*. However, the statute of limitations of the Tort Claims Act, which we said violated the reasonableness requirement as applied to minors in *Jaramillo I, id.*, also contained a provision identical to that in the Act, stating, "This subsection applies to all persons regardless of minority or other legal disability." NMSA 1978, § 41–4–15 (1977). This type of provision does not foreclose constitutional challenges to the Act. Furthermore, the holding in *Rider* was not limited to grandparents, as its language clearly instructs. *Rider*, 1996–NMCA–090, ¶ 15 (stating that "the mere presence of a parent, relative, next friend, or other adult is not persuasive as to the ability of the child to comply with the [Tort Claims] Act").

{11} Defendant also argues that we cannot hold that the time frame for allowing minors to bring suit under the Act is unreasonable because our courts have already held that the Act's statute of limitations is not unreasonable in the case of *Cummings v. X-Ray Associates of New Mexico, P.C.*, 1996–NMSC–035, ¶ 39, 121 N.M. 821, 918 P.2d 1321. However, in *Cummings*, our Supreme Court held that the Act's three-year statute of limitations was reasonable as applied to an adult. *Id.* Defendant also raises the unrelated case of *Jaramillo v. State*, 111 N.M. 722, 726–27, 809 P.2d 636, 640–41 (Ct.App.1991), in which we held that two years was a reasonable time in which to require a mentally incompetent victim to file suit under the Tort Claims Act. Neither of these cases involved minors and the unique considerations that their status raises, nor did they raise the shortened period for minors' claims under the Act. The reasonableness inquiry looks at how the limitation or provision affects the claimant. As evidenced by the rejection of a ten-year statute of limitations under the facts of *Terry*, 98 N.M. at 120–23, 645 P.2d at

1376–79, there is no amount of time that is per se reasonable or unreasonable in all situations.

{12} Next, Defendant argues that the Act is unique in that Section 41–5–13 is a statute of repose rather than a statute of limitations. This alone is not dispositive, as we have noted that "due process problems may arise when an otherwise valid statute of repose leaves an unreasonably short period of time for certain victims to pursue their legal claims." *Rider*, 1996–NMCA–090, ¶ 9; *accord Garcia*, 119 N.M. at 541–42, 893 P.2d at 437–38. However, building on this argument, Defendant asserts that the policy behind the Act and its repose objectives justifies the effect it may have on minors. "[T]he purpose of a statute of repose is to put an end to prospective liability for wrongful acts that, after the passage of a period of time, have yet to give rise to a justiciable claim." *Garcia*, 119 N.M. at 537, 893 P.2d at 433. The Act utilizes a statute of repose in order to curb the cost of insurance, to encourage physicians to carry insurance, and to provide a benefit to physicians who opt in to the Act's provisions by purchasing occurrence-based insurance. *Id.* at 539, 893 P.2d at 435.

{13} However, there are also important policy objectives underlying our holdings that certain notice provisions and statutes of limitation violate minors' due process rights. As we have noted in past cases, we have a "long tradition of interpreting laws carefully to safeguard minors." *Rider*, 1996–NMCA–090, ¶ 13. We also continue to be concerned about the possibility of imposing liability on parents who do not bring timely claims on behalf of minors. *See id.* ¶ 14. We do not believe that our holding throws into disarray the balance and expectations fostered by the Act. There is still a finite amount of time in which minors can bring claims, as the default statutory provision giving minors one year following the termination of their incapacity to bring suit would likely apply. *See* NMSA 1978, § 37–1–10 (1975).

{14} Defendant also argues that parents and custodians have a duty to file suit on behalf of their children when malpractice occurs. The fact that the Legislature has not affirmatively acted to impose a parental or custodial duty to bring a cause of action for a minor, which we noted in *Rider*, 1996–NMCA–090, ¶ 5, continues to be true. Recognizing that *Rider, id.* ¶¶ 10–14, already rejected the notion that legislative silence does not imply a parental or custodial duty to bring actions for minors, Defendant instead argues that we can infer such a duty from a patchwork of statutes that impose other duties on parents and custodians.

{15} Perhaps closest in nature to the duty that Defendant contemplates is a statute imposing a duty on a guardian to protect the property of a minor ward. NMSA 1978, § 45–5–209 (1995). However, that statute deals specifically with the powers and responsibility of an appointed guardian under the Probate Code. Because no such situation exists here, we do not decide the question of whether that statute imposes a duty on a guardian appointed pursuant to the Probate Code to bring a cause of action on behalf of his or her ward.

{16} Rule 1–017 NMRA also does not impose a duty on a parent to bring a cause of action on behalf of a minor child. Rule 1–017(C) reads in pertinent part:

> C. **Infants or Incompetent Persons.** When an infant or incompetent person has a representative, such as a general guardian, or other like fiduciary, the representative may sue or defend on behalf of the infant or incompetent person. An infant or incompetent person who does not have a duly appointed representative may sue by next friend or by a guardian ad litem.

This rule permits a parent to bring a cause of action on behalf of a minor child, but does not require it. *See Montano v. Los Alamos County*, 1996–NMCA–108, ¶ 5, 122 N.M. 454, 926 P.2d 307 (setting out the canon of statutory construction that the term "may" in a statute is permissive, while "shall" is mandatory). Similarly, even if we were to accept the tenuous proposition that filing a medical malpractice claim is a healthcare decision, NMSA 1978, § 24–7A–6.1(A) (1997) states that a parent or guardian of an unemancipated minor "may make that minor's healthcare decisions," but does not require it.

{17} Defendant also urges us to imply that a parent has a duty to pursue a cause of action on behalf of his or her minor child from the existence of statutes that impose other types of duties on parents. We fail to see how statutes or case law imposing duties on parents to ensure school attendance or to provide child support relate to a parent's responsibilities in conjunction with filing a medical malpractice cause of action. *See* NMSA 1978, § 22–12–2(C) (2001) (making a parent, guardian, or custodian of a school-age child responsible for that child's school attendance); *Quintana v. Quintana*, 83 N.M. 772, 774, 497 P.2d 1404, 1406 (1972) (recognizing a parent's duty to support a child).

{18} Furthermore, our existing law on this subject already takes the possibility of a parental or custodial duty into account. Just as in cases involving the statute of limitations of the Tort Claims Act, if a Defendant can show from the circumstances of the case that "someone on the child's behalf should have filed suit under the circumstances," then a defendant may be able to argue that the child cannot assert due process rights to avoid the limitation of Section 41–5–13. *Jaramillo I*, 2001–NMCA–024, ¶ 9. Thus, while we will not imply a broad parental or custodial duty to file a medical malpractice suit on behalf of a child, specific defendants may be able to prove that such a duty exists in a particular case.

{19} In summary, we hold that under the circumstances of this case, the provision in Section 41–5–13 that requires a minor who experienced malpractice before the age of six to bring a claim under the Act by his or her ninth birthday violates due process. Because this issue alone disposes of the appeal, we do not address the parties' equal protection arguments.

CONCLUSION

{20} We reverse the district court's grant of Defendant's motion to dismiss, and we remand to the district court for further proceedings.

{21} **IT IS SO ORDERED.**

WE CONCUR: JAMES J. WECHSLER, Chief Judge and MICHAEL D. BUSTAMANTE, Judge.