2006-NMSC-020

134 P.3d 741

**Karleen CAMPOS, as parent and next friend of J.C., a minor, Plaintiff,**

v.

**Lawrence MURRAY and Chad Davis, in their individual capacities, Defendants.**

**No. 29,422.**

Supreme Court of New Mexico.

April 20, 2006.

Corrected May 10, 2006.

Kennedy & Han, P.C., Paul J. Kennedy, Mary Y.C. Han, Adam S. Baker, Albuquerque, NM, for Plaintiff.

Keleher & McLeod, P.A., Sean Olivas, Melanie L. Frassanito, Albuquerque, NM, for Defendants.

Serra, Garrity & Masiowski, L.L.C., Diane Garrity, Santa Fe, NM, for Amicus Curiae New Mexico Association of Counties, New Mexico Municipal League.

Coppler & Mannick, P.C., Gerald A. Coppler, Santa Fe, NM, for Amicus Curiae New Mexico Public Schools Insurance Authority.

## OPINION

BOSSON, Chief Justice.

{1} Plaintiff Karleen Campos' minor daughter, J.C., was sexually assaulted for several months during 2001 and early 2002. Plaintiff filed a claim on behalf of her daughter in the United States District Court for the District of New Mexico, pursuant to 42 U.S.C. § 1983 (2000), against Defendants Lawrence Murray and Chad Davis in their official capacities as New Mexico State Police officers. Plaintiff's claim stems from the alleged actions and omissions of the Officers relating to a failure to protect J.C. from sexual abuse. Plaintiff also filed a claim alleging negligence under the New Mexico Tort Claims Act (TCA). NMSA 1978, § 41-4-12 (1977).

{2} Prior to the federal trial, the Officers filed a Motion to Dismiss the state law claims based on the statute of limitations in the TCA. Based on the motion, United States District Judge Black certified two questions to this Court pursuant to Rule 12-607 NMRA 2006:

(A) Whether NMSA § 41-4-15, which requires a child of the age of seven years or more to file a claim within two years after the date of occurrence resulting in loss, injury, or death, violates Due Process principles under the New Mexico Constitution.

(B) Whether a claim alleging that government officials created a dangerous situation in which a child was sexually abused by a third party is "based upon personal injury caused by childhood sexual abuse" within the meaning of NMSA § 37-1-30.

We accepted certification and now answer the first question in the affirmative and, having done so, find it unnecessary to answer the second question.

## BACKGROUND

{3} During the summer of 2001, while Plaintiff was incarcerated, she left her eight-year-old daughter, J.C., in the care of her boyfriend. Around July 28, 2001, Officer Davis was assigned to conduct a criminal investigation of the boyfriend, having received information that he had sexually abused J.C.'s cousin. Allegedly, Officer Davis also discovered on this date that J.C. was residing with the boyfriend, but did nothing to notify J.C.'s family that she may be in danger.

{4} Officer Murray then took over the case and allegedly told Plaintiff's family not to inform Plaintiff about the allegations of sexual abuse because he feared the boyfriend would flee. On December 14, 2001, almost five months after the police found out about the allegations against J.C.'s cousin, that cousin, in a safehouse interview, informed the police that J.C. was also being sexually

abused. Plaintiff claims that the Officers still did not contact Plaintiff to warn her of the danger to J.C. Then, in January of 2002, J.C. disclosed to the police that since the summer of 2001 she had been continually raped and sexually assaulted by the boyfriend. Plaintiff filed her claim against the Officers on November 30, 2004, when J.C. was eleven, and nearly three years after the alleged abuse against J.C. was discovered.

{5} Having moved to dismiss the state law claims, the Officers argue that the two-year statute of limitations in the TCA bars the claim. NMSA 1978, § 41–4–15(A) (1977) (stating actions against a government entity or employee are barred "unless such action is commenced within two years . . . except that a minor under the full age of seven years shall have until his ninth birthday in which to file"). In response, Plaintiff asserts that the TCA does not apply in the instant case because the statute of limitations found in NMSA 1978, Section 37–1–30 (1995) applies in sexual abuse cases involving minors rather than the TCA. *Id.* (allowing victims of "childhood sexual abuse" until their twenty-fourth birthday or three years after victim "knew or had reason to know" of the abuse to file a claim). Alternatively, Plaintiff claims that even if the TCA statute of limitations governs the claim, and not Section 37–1–30, Plaintiff's claim is not barred because as a matter of due process J.C. was incapable of meeting its statutory deadline.

{6} The federal court certified both questions to us under Rule 12–607(A):

The Supreme Court may answer by formal written opinion questions of law certified to it by a court of the United States . . . if the answer may be determinative of an issue in pending litigation in the certifying court and the question is one for which answer is not provided by a controlling:

(1) appellate opinion of the New Mexico Supreme Court or the New Mexico Court of Appeals.

*See also* NMSA 1978, § 39–7–1 (1997) (providing for the "Uniform Certification of Questions of Law Act"). We begin by addressing Plaintiff's alternative argument, which is the first of the two certified questions.

## DISCUSSION

### The Tort Claims Act Statute of Limitations as Applied to Minors

{7} The TCA states that "[a]ctions against a governmental entity or a public employee for torts shall be forever barred, unless . . . commenced within two years . . . except that a minor under the full age of seven years shall have until his ninth birthday in which to file." Section 41–4–15(A). The Officers argue that since J.C. was eight years old at the time of the alleged abuse, then under the TCA she had to file her claim within two years, which she failed to do.

{8} The New Mexico Court of Appeals has previously addressed the issue we are being asked to decide here, the only difference being that the case involved a child that was under the age of seven when the injury occurred. *Jaramillo v. Bd. of Regents of the Univ. of N.M. Health & Scis. Ctr.,* 2001–NMCA–024, 130 N.M. 256, 23 P.3d 931. In *Jaramillo,* the Court adopted a reasonableness standard, and found that, under the facts, the child's due process rights were violated because he was incapable of meeting the TCA deadline. *Id.* ¶¶ 7, 10. Under this standard when a court addresses a minor's due process challenge to the TCA's two-year statute of limitations, it must determine "whether it is reasonable to expect a person in the injured child's circumstances to meet the [TCA] requirement." *Id.* ¶ 7. In certifying this question to this Court, the federal court determined that it would be helpful for us to address the "legal standard of reasonableness of this limitation period" as applied to the facts of this case.

{9} In *Jaramillo,* the plaintiff's son suffered severe brain damage at the age of two after a doctor allegedly mistreated his seizure disorder. *Id.* ¶¶ 2, 9. The mother filed the complaint six years later, shortly after the child's ninth birthday, and beyond the tolling period for children injured under the age of seven. *Id.* ¶ 2. In examining whether the TCA statute of limitations violated the child's due process rights, our Court of Appeals examined its precedent pertaining to a related question of whether the TCA's ninety-day notice of a claim provision violates a

minor's due process rights. *Id.* ¶ 4. The notice provision requires a victim to notify the government entity against which the claim is being asserted "within ninety days after an occurrence giving rise to a claim." NMSA 1978, § 41–4–16(A) (1977). In the notice cases, our Court of Appeals has held that the ninety-day notice requirement can be unreasonable as applied to minors, depending on the circumstances, and further that the "burden of giving notice could not be placed on another," such as a parent or grandparent, absent legislative creation of such a duty. *Jaramillo,* 2001–NMCA–024, ¶¶ 4–5, 130 N.M. 256, 23 P.3d 931 (citing *Tafoya v. Doe,* 100 N.M. 328, 331–32, 670 P.2d 582, 585–86 (Ct.App.1983) and *Rider v. Albuquerque Pub. Schs.,* 1996–NMCA–090, ¶¶ 9, 11–15, 122 N.M. 237, 923 P.2d 604).

{10} In examining these notice cases, the Court of Appeals in *Jaramillo* acknowledged the factual distinction between a ninety-day notice provision and a two-year statute of limitations, but questioned the relevance of any difference in terms of the effect on a young child. *Id.* ¶ 6. In both instances a child is being asked to hurdle obstacles that are impossible to overcome at a young age. Based on the disability of being a minor, the Court in *Jaramillo* held that "cases involving children do not focus on the absolute or relative length of time of the requirement, and instead focus on whether it is reasonable to expect a person in the injured child's circumstances to be able to meet the requirement." *Id.* ¶ 7. Accordingly, there can be factual situations, such as a teenage victim who has legal representation, where "it is reasonable to expect" a child to be able to meet the requirements of the notice provision or the two-year statute of limitations. *See, e.g., Erwin v. City of Santa Fe,* 115 N.M. 596, 597–99, 855 P.2d 1060, 1061–63 (Ct.App. 1993) (finding that a teenager who had retained counsel will be expected to comply with the ninety-day notice provision).

{11} In *Jaramillo,* however, a severely injured two-year-old, without legal representation, clearly had no capacity to file suit by his ninth birthday. 2001–NMCA–024, ¶¶ 9–10, 130 N.M. 256, 23 P.3d 931. Accordingly, our Court of Appeals held that the child

could not reasonably be expected to comply with the statute of limitations, and thus, as applied, the TCA violated the child's constitutional due process rights. *Id.; see also Tafoya,* 100 N.M. at 332, 670 P.2d at 586 (finding that "one unable to comply with a notice requirement by reason of minority is protected by the reasonableness requirements of the common law, the Fourteenth Amendment to the United States Constitution, or similar provisions in their state constitution").

{12} *Jaramillo* accurately articulates the law of this State. The only difference with the case before us is that, contrary to *Jaramillo* where the child was two when the injury occurred and nine when the claim was filed, J.C. was eight when the injury occurred and eleven when the claim was filed. We must determine whether there is any reason the standard articulated in *Jaramillo* should not apply equally to J.C.'s situation.

{13} The courts of this State have a "long tradition of interpreting laws carefully to safeguard minors." *Rider,* 1996–NMCA– 090, ¶ 13, 122 N.M. 237, 923 P.2d 604. The reasonableness standard articulated in *Jaramillo* is part of that tradition. *See Jaramillo,* 2001–NMCA–024, ¶ 7, 130 N.M. 256, 23 P.3d 931; *see also Jaramillo v. Heaton,* 2004–NMCA–123, ¶¶ 9, 19, 136 N.M. 498, 100 P.3d 204 (applying the reasonableness standard in holding the three-year statute of limitations found in the Medical Malpractice Act violated a minor's due process rights). This standard is meant to protect children whose claims involve "the special disability of being a minor." *Jaramillo,* 2001–NMCA– 024, ¶ 8, 130 N.M. 256, 23 P.3d 931. Minors are entitled to such protection because "as a matter of due process, a child who is incapable of meeting a statutory deadline cannot have that deadline applied to bar the child's right to legal relief." *Id.* ¶ 10 (citing *Rider,* 1996–NMCA–090, 122 N.M. 237, 923 P.2d 604).

{14} Based on this legal background, and the reasoning of the Court of Appeals in *Jaramillo,* we see no appreciable difference between an injury that occurs when a child is two or an injury that occurs when the child is eight. A two-year-old, an eight-year-old, or

even an eleven-year-old, are all equally unable to comply with the statute of limitations requirement at such a young age. Age is not the sole determinative inquiry in these cases, but it is a primary factor to be taken into account in determining whether the statute of limitations is being reasonably applied. According to the facts presented to us, J.C. was eight when she was assaulted, and the TCA statute of limitations required that she file suit by age ten. It is unreasonable as a matter of law to ignore the effects of such an extreme burden on a child of such tender years.

{15} Furthermore, we agree with the Court of Appeals that absent some legislatively imposed duty, we cannot presume that parents will adequately care for their child by filing such a claim in a timely manner. *See Jaramillo*, 2001–NMCA–024, ¶ 5, 130 N.M. 256, 23 P.3d 931 (citing *Rider*, 1996–NMCA–090, ¶¶ 9, 11–15, 122 N.M. 237, 923 P.2d 604). Common experience teaches us differently. It would be a poor policy choice for our Legislature to penalize a child, already injured, for the subsequent neglect of that child's parent in failing to file suit in a timely manner. And such a choice becomes all too arbitrary in due process terms when one realizes that the parent who was supposed to file a timely suit on J.C.'s behalf is the same parent who, when incarcerated, left her daughter with the boyfriend who then sexually assaulted her. For these reasons, Section 41–4–15, as applied to J.C. violates her right to due process of law and cannot bar her claim under the TCA.

## Childhood Sexual Abuse Under Section 37–1–30

{16} The United States District Court also asked us to determine "[w]hether a claim alleging that government officials created a dangerous situation in which a child was sexually abused by a third party is 'based upon personal injury caused by childhood sexual abuse' within the meaning of NMSA § 37–1–30." Section 37–1–30 states:

(A) An action for damages based on personal injury caused by childhood sexual abuse shall be commenced by a person before the latest of the following dates:

(1) the first instant of the person's twenty-fourth birthday; or

(2) three years from the date of the time that a person knew or had reason to know of the childhood sexual abuse and that the childhood sexual abuse resulted in an injury . . .

The statute defines "childhood sexual abuse" as any violation of NMSA 1978, Section 30–9–11 (2003), regarding criminal sexual penetration of a minor; NMSA 1978, Section 30–9–13 (2003), regarding criminal sexual contact of a minor; or any violation of the Sexual Exploitation of Children Act, NMSA 1978, Section 30–6A–1 (1984). Section 37–1–30(B). In the case before us, the child suffered "childhood sexual abuse" as defined by the statute. However, the Officers argue that Section 37–1–30 does not apply because they are third parties to the sexual abuse, in essence that the section only applies to claims between the victim and the alleged perpetrator. The Officers also assert that the TCA provides the exclusive remedy for suits against governmental entities, thus Section 37–1–30 cannot govern this claim.

{17} This Court is authorized to answer certified questions "if the answer may be determinative of any issue in pending litigation in the certifying court. . . ." NMSA 1978, § 39–7–4 (1997). Here, the second question presented to this Court seems to have been asked in the event that we answered the first question differently. Having answered the first question in the affirmative there is no need to answer the second question, as doing so is not determinative of any issue before the federal court here. For this reason we need not resolve any of the statutory issues raised by the parties regarding Section 37–1–30.

## CONCLUSION

{18} Following the Court of Appeals reasoning in *Jaramillo*, we discern no meaningful distinction with the case certified. Accordingly we conclude that the two-year statute of limitations in the TCA violates J.C.'s due process rights, and does not apply to bar her claim.

{19} **IT IS SO ORDERED.**

WE CONCUR: PAMELA B. MINZNER, PATRICIO M. SERNA, PETRA JIMENEZ MAES, and EDWARD L. CHÁVEZ, Justices.