This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

### IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-37730**

**ALREE B. SWEAT III,**

Plaintiff-Appellant,

v.

**THE CITY OF LAS CRUCES,**
**POLICE CHIEF JAIME MONTOYA,**
**OFFICER MIRANDA BAKER,**
**OFFICER PAUL LUJAN, AND**
**OFFICER JOSE SANCHEZ,**

Defendants-Appellees.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**James T. Martin, District Judge**

Alree B. Sweat III
Clayton, NM

Pro Se Appellant

City of Las Cruces
Mark D. Standridge, Deputy City Attorney
Las Cruces, NM

for Appellees

### MEMORANDUM OPINION

**VARGAS, Judge.**

**{1}** Plaintiff appeals from the district court's order granting Defendants' motion for summary judgment. This Court's calendar notice proposed to summarily affirm. Plaintiff filed a memorandum in opposition to the proposed disposition. Not persuaded by Plaintiff's arguments, we affirm.

**{2}**     Plaintiff continues to argue that the district court improperly decided the notice of claim issue. [DS 10; MIO 5-7] The calendar notice proposed to affirm on the basis that Plaintiff's notice to the risk management division of the state was insufficient under the Tort Claims Act (TCA), NMSA 1978, Section 41-4-16(A) (1977), which required written notice to the mayor, and that the exceptions from immunity in the TCA are inapplicable absent proper notice. [CN 2-3] The memorandum in opposition now asserts that "[Plaintiff] and the city attorney had exchanged written communication within the ninety-day period regarding [Plaintiff]'s claims." [MIO 6] It appears from the record, however, that Plaintiff did not dispute the facts asserted by Defendants in summary judgment pleadings.

**{3}**     Specifically, Defendants asserted as an undisputed fact, supported by a signed affidavit, that at no time did Plaintiff serve on the city a TCA notice within ninety days of September 14, 2012. [1 RP 98 ¶ 21] Rather, the only notice Plaintiff filed with the City concerning an incident near September 14, 2012, was notice to the mayor, received on December 23, 2013, concerning an unrelated incident or case that occurred on October 11, 2013. [1 RP 99; 1 RP 150] Plaintiff's response to the motion did not dispute these facts, but instead asserted that he served notice to the risk management division of the state. [1 RP 162] Not having disputed the facts asserted in Defendants' motion for summary judgment, they were deemed admitted. *See* Rule 1-056(D)(2) NMRA ("All material facts set forth in the statement of the moving party shall be deemed admitted unless specifically controverted."); *Associated Home & RV Sales, Inc. v. Bank of Belen*, 2013-NMCA-018, ¶ 29, 294 P.3d 1276 ("A party opposing a motion for summary judgment must make an affirmative showing by affidavit or other admissible evidence that there is a genuine issue of material fact once a prima facie showing is made by the movant." (internal quotation marks and citation omitted)).

**{4}**     Moreover, even assuming the notice was otherwise in compliance with the TCA notice provision, it was received on December 23, 2013, more than ninety days from September 14, 2012, the date of the incident. [1 RP 150] To the extent that Plaintiff repeats the same arguments concerning the exceptions to immunity as provided in Section 41-4-16(A), we affirm for the reasons stated in the proposed disposition. *See State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that "[a] party responding to a summary calendar notice must come forward and specifically point out errors of law and fact[,]" and the repetition of earlier arguments does not fulfill this requirement), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374.

**{5}**     Plaintiff also continues to argue that the district court improperly calculated the statute of limitations governed by NMSA 1978, Section 41-4-15 (1977), *held unconstitutional on other grounds as recognized by Jaramillo v. Heaton*, 2004-NMCA-123, ¶ 4, 136 N.M. 498, 100 P.3d 204. [DS 11; MIO 8] Our calendar notice proposed to conclude that regardless of whether the September 14, 2012 date of injury or the asserted September 23, 2014 date of dismissal applied, the TCA statute of limitations expired long before March 10, 2017, the date Plaintiff's complaint was filed. [CN 5; 1 RP 1; 2 RP 263, ¶ 1] *See* § 41-4-15 ("Actions against a governmental entity or a public

employee for torts shall be forever barred, unless such action is commenced within two years after the date of occurrence resulting in loss, injury or death[.]").

{6} We understand Plaintiff to now argue that his complaint was timely because the prosecution of his case ended on September 23, 2014, and he filed the complaint within two years, on September 13, 2016, when he placed the complaint into the institutional mailbox of the prison. [MIO 8] It appears that the September 23, 2014 dismissal Plaintiff refers to is the date that the district court held a hearing and dismissed a charge against Plaintiff for aggravated fleeing an officer in an unrelated district court criminal action. [RP 164; D-307-CR-2012-1326 10-2-14 Order] *See* Rule 5-611(H) NMRA ("An order declaring a mistrial for jury disagreement shall be in writing and shall expressly reserve the right to retry the defendant. Orders declaring mistrial for jury disagreement shall be substantially in the form approved by the [S]upreme [C]ourt."). However, as proposed in the calendar notice, the statute of limitations began to run from the date of Plaintiff's injuries in this case— September 14, 2012. Plaintiff does not raise any new arguments to persuade us that our proposed disposition was in error. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."). We note that Plaintiff's challenge to the district court's denial of his second motion for judgment on the pleadings also refers to the September 2014 dismissal date. [MIO 12] However, the dismissal of an unrelated criminal action has no bearing on Plaintiff's second motion for judgment on the pleadings in this matter.

{7} As to the asserted error by the district court in applying the doctrine of res judicata, we proposed to conclude that the district court properly precluded federal law claims based on the same facts that were, or could have been, asserted in the federal court action. [CN 6] We understand Plaintiff to now argue that the remedies provided by 42 U.S.C. § 1983 (2018) for a deprivation of constitutional rights are different than, and supplemental to, the remedies provided by the TCA in state court; and precluding claims based on the same occurrence in both courts, whether consecutively or simultaneously brought, leads to an injustice. [MIO 10] However, the reason Plaintiff was precluded from bringing his § 1983 federal based claim in state district court was because it was based on facts arising from the same occurrence, was known to Plaintiff, but was not asserted in the federal court action. *See Bank of Santa Fe v. Marcy Plaza Assoc.*, 2002-NMCA-014, ¶ 13, 131 N.M. 537, 40 P.3d 442 ("Claim preclusion, or res judicata, precludes a subsequent action involving the same claim or cause of action."). Thus, to the extent Plaintiff maintains that there was no final judgment on the merits of his § 1983 racial profiling claim, there need not have been; rather, a final judgment in the federal case was all that was required for res judicata to apply. *See id.* ¶ 14 ("Res judicata bars not only claims that were raised in the prior proceeding, but also claims that could have been raised.")*.*

{8} In response to our proposal that under New Mexico law, neither party has a right to counsel in a civil case, *see Bruce v. Lester*, 1999-NMCA-051, ¶ 4, 127 N.M. 301, 980 P.2d 84, Plaintiff cites to federal case law for the contention that where it is apparent

that a pro se litigant lacks the capacity to present colorable claims, the district court should appoint counsel to assist him. [MIO 16] The proposition on which Plaintiff relies is based on a federal statute inapplicable to state court proceedings. We are not bound by federal law;  New Mexico law governs whether counsel must be provided for civil state actions. *See State v. Manzanares*, 1983-NMSC-102, ¶ 3, 100 N.M. 621, 674 P.2d 511 (stating that the Court of Appeals is bound by the decisions of our New Mexico Supreme Court on questions involving federal law, even when a decision by the United States Supreme Court seems to conflict with that precedent).

**{9}** Lastly, to the extent Plaintiff continues to challenge the district court's denial of his motion for reconsideration, as well as the granting of summary judgment in Defendants' favor [MIO 11-15], the memorandum in opposition does not respond to the proposed disposition by pointing to specific errors in fact or law; nor does Plaintiff raise any new arguments to persuade this Court that our proposed disposition on these issues was incorrect. *See Hennessy*, 1998-NMCA-036, ¶ 24.

**{10}** For the reasons stated in our calendar notice, as well as the reasons above, we affirm.

**{11}  IT IS SO ORDERED.**

**JULIE J. VARGAS, Judge**

**WE CONCUR:**

**M. MONICA ZAMORA, Judge**

**KRISTINA BOGARDUS, Judge**