**9 P.(2d) 691**

**STATE v. FIFTH JUDICIAL DISTRICT COURT et al.**

**No. 3763.**

Supreme Court of New Mexico.

March 23, 1932.

E. K. Neumann, Atty. Gen., Frank H. Patton, Asst. Atty. Gen., and J. D. Mell, Sp. Tax Atty., of Santa Fé, for the State.

L. O. Fullen, H. M. Dow, and Harold Hurd, all of Roswell, for respondents.

BICKLEY, C. J.

The judge of the district court of the Fifth judicial district, sitting within and for Chaves county on November 30, 1931, entered an order purporting to grant to the taxpayers of said county an extension of time until February 1, 1932, within which to pay their taxes which were then due, and which would be delinquent on December 1, 1931, and purporting to relieve such taxpayers from the provisions of law relative to the payment of the penalty or interest required by law to be paid upon taxes which are delinquent. The order purports to be made for the reason that economic conditions rendered it difficult and

burdensome for the taxpayers to pay the taxes at the time designated by the statute.

A petition for writ of prohibition was presented to this court for and on behalf of the state tax commission praying that the said district court and Mrs. W. C. Holland, as treasurer of Chaves county, be restrained and prohibited from hearing, entertaining, passing upon, proceeding with, or enforcing, said order, and that said court be prevented from taking any further proceedings whatsoever in said cause, and that the said county treasurer be restrained and prohibited from complying with said order.

An alternative writ of prohibition was issued substantially in accordance with the prayer of the petition and served upon the respondents who by plea and demurrer challenged the sufficiency of the proceedings, with the result that leave was given to make the state of New Mexico the party relator. Thereupon respondents filed an answer containing certain denials and also averments by way of new matter, the tenor of which is that for years district judges of the state have issued similar orders, and that no question had been raised as to the validity of such orders, and that it was not unusual for district courts to eliminate penalties and interest, and that the validity of such orders had not been questioned in court, and that, at the time the order was made by the respondent judge, the press dispatches of various counties of the state indicated that other judges had granted extensions of time in which to pay taxes and had eliminated interest and penalties. The Attorney General moved to strike the portion of the answer which appeared under the title: "By Way of New Matter," upon the ground that such allegations are immaterial and foreign to the issues involved in the cause, and do not constitute any defense to the issues herein.

The Legislature has fixed the time for the payment of taxes and the date on which the same become delinquent, which dates are set forth in section 141-414 and section 141-702 of 1929 Compilation.

In Cooley on Taxation (4th Ed.) § 63, it is said: "The power to impose taxes is a legislative power and cannot be exercised by the executive or judicial branch of the government."

Likewise, the power to grant exemptions is legislative, unless given by the Constitution itself. Certain exemptions are accorded by the New Mexico Constitution, and by section 5 of article 8 thereof it is provided that the Legislature may create certain exemptions.

Every system of taxation consists of two parts: (1) The elements that enter into imposition of the tax and (2) the steps for its assessment and collection. The former is a legislative function which cannot, except rarely, be delegated; the latter may be delegable to other governmental agencies. The imposition of the tax is not in question in this case, and the respondents have pointed to no provision of the Constitution or statutes attempting to delegate to the courts the administrative part of the taxing system such

as collecting the taxes, and our research has not disclosed any such provision.

Article 3 of our Constitution provides: "The powers of the government of this state are divided into three distinct departments, the legislative, executive and judicial, and no person or collection of persons charged with the exercise of powers properly belonging to one of these departments, shall exercise any powers properly belonging to either of the others, except as in this constitution otherwise expressly directed or permitted."

This is a wise provision. The Legislature makes, the executive executes, and the judiciary construes, the laws. Before a court may exercise an administrative function belonging inherently to another department of the government, it must appear that an appropriate attempt has been made to delegate such function to the courts, and that the attempt is not repugnant to the foregoing constitutional inhibition.

We are constrained to hold that the court was without jurisdiction to make the order in question. We do not mean, however, that there may not be private disputes based upon particular facts which might invoke the court's jurisdiction to decide in a particular case whether interest or penalty are recoverable.

We are not unaware that as alleged in the answer to the alternative writ, for many years upon occasions when the tax rolls were not ready when the time arrived when taxes were payable and delinquent and perhaps for other reasons, the districts courts of the state

have frequently entered orders similar to the one now under attack, so the respondent district judge was not without precedent in the support of his action. So far as we know, this is the first time the question of the jurisdiction of a court to make such an order has been appropriately called in question.

We conclude that the alternative writ was issued on sufficient grounds, and should be made absolute, and it is so ordered.

WATSON and SADLER, JJ., concur.

PARKER and HUDSPETH, JJ., did not participate.