ZAMORA, J., dissenting. I agree that Section 66-8-109(B), as written, does not provide a defendant with a meaningful opportunity to arrange for and effectuate the timely performance of an independent chemical test. However, it is a function of our Legislature to make it so and revise the statute accordingly. For these reasons, I respectfully dissent. The issue before this Court is whether providing Defendant with the Yellow Pages phone book and access to a telephone for a period of twenty to thirty minutes in the early hours of the morning meant that Defendantwas given a reasonable, as opposed to meaningful, opportunity to arrange for an independent chemical test. Jones did not provide any guidance about how to undertake the analysis of whether an opportunity was reasonable. 1998-NMCA-076. We also noted that “the purpose of this subsection of the statute is to inform the person arrested of his or her right to arrange to have an independent chemical test performed by a person of his or her own choosing.” Id. ¶ 19. The Majority places an affirmative responsibility on law enforcement by concluding that not only must they advise an arrestee that the arrestee has the right to be given an opportunity to arrange for an independent test in addition to any test performed at the direction of a law enforcement officer, but that they also have a duty to assist an arrestee in arranging and effectuating an independent test. Perhaps the uncertainty expressed by the metropolitan court as to whether Defendant’s opportunity to arrange for independent testing was “meaningful,” was the means to this end. To discern the Legislature’s intent, we rely on the classic canons of statutory interpretation and “look first to the plain language of the statute, giving the words their ordinary meaning, unless the Legislature indicates a different one was intended.” Marbob Energy Corp. v. N.M. Oil Conservation Comm'n, 2009-NMSC-013, ¶ 9, 146 N.M.24, 206 P.3d 135 (internalquotation marks and citation omitted). When we interpret a statute, we must “read the statute in its entirety and construe each part in connection with every other part to produce a harmonious whole.” Key v. Chrysler Motors Corp., 1996-NMSC-038, ¶ 14, 121 N.M. 764, 918 P.2d 350; see also Miller v. New Mexico Dep’t of Transp., 1987-NMSC-081, ¶ 8, 106 N.M. 253, 741 P.2d 1374 (“Statutes are to be read in a way that facilitates their operation and the achievement of their goals.”). We must also take care not to “read into a statute ... language which is not there, particularly if it makes sense as written.” High Ridge Hinkle Joint Venture v. City of Albuquerque, 1998-NMSC-050, ¶ 5, 126 N.M. 413, 970 P.2d 599 (internal quotation marks and citation omitted). The plain language of the statute mandates that an arrestee be provided an opportunity to make arrangements for an additional test. Section 66-8-109(B) does not mandate that a law enforcement officer assist a person accused of DWI in arranging such a test, beyond providing the means with which to arrange for an independent chemical test. We have also concluded in. Jones that “reading the entire statute . . . does not guarantee the arrestee an additional test will be performed, but only that the arrestee will be given a reasonable opportunity to arrange for an additional test.” 1998-NMCA-076, ¶ 24 (emphasis added). This also acomplishes the purpose of the subsection. Id. ¶ 19. The Majority’s interpretation of “reasonable opportunity” to import the word “meaningful” into the statute is a substantive change to the law that is best left to the legislative branch. Article III, Section 1 ofthe New Mexico Constitution divides the state government into “three distinct departments, the legislative, executive and judicial[.] . . . The Legislature makes, the executive executes, and the judiciary construes the laws.” State v. Fifth Jud. Dist. Ct., 1932-NMSC-023, ¶¶ 8-9, 36 N.M. 151, 9 P.2d 691. Our Supreme Court has said that “the legislative branch is constitutionally established to create substantive law.” State ex rel. Taylor v. Johnson, 1998-NMSC-015, ¶ 21, 125 N.M. 343, 961 P.2d 768. “A determination of what is reasonably necessary for the preservation of the public health, safety and welfare of the general public is [also] a legislative function and should not be interfered with, save in a clear case of abuse.” State v. Collins, 1956-NMSC-046, ¶ 8, 61 N.M. 184, 297 P.2d 325. It is not within our authority to expand Section 66-8-109(B) and doing so may create unintended consequences. The application of the plain language of Section 66-8-109(B) is consistent with the approach taken in other jurisdictions. See Grizzle v. State, 265 S.E.2d 324, 325 (Ga. Ct. App. 1980) (“[I]t is the duty of a police officer not to prevent a defendant from exercising his right to an independent test, but not his duty to insure the performance of such test[.]”); Commw. v. O'Brien, 750 N.E.2d 1000, 1003-04 (Mass. 2001) (“Once the police inform a defendant of his right to an independent medical examination . . . the police have no obligation to help him in exercising that right.” (internal quotation marks and citation omitted)); Commw. v. Alano, 448 N.E.2d 1122, 1128 (Mass. 1983) (stating that police had a statutory duty to inform accused of the right to a test, but no statutory duty to tell accused how to obtain a test once one was requested); Cosky v. Comm'r of Pub. Safety, 602 N.W.2d 892, 894 (Minn. Ct. App. 1999) (“An officer is not required to assist a driver by furnishing supplies or transportation to facilitate an additional test. An officer is not required to instruct a driver on how to obtain an additional test.”); Provo City v. Werner, 810 P.2d 469, 474 (Utah Ct. App. 1991) (stating that police have a “duty ... to not frustrate or thwart reasonable attempts to obtain an independent test”); Cf. Luebke v. N. Dakota Dep't of Transp., 1998 ND 110, ¶ 13, 579 N.W.2d 189 (holding that officers maybe required to do more than allow telephone access, where a driver shows that he has “made arrangements [for a test] with a qualified person of his own choosing, that the test would be made if he came to the hospital, that he so informed the personnel at the jail where he was under arrest” (alteration in original) (internal quotation marks and citation omitted)). There are several jurisdictions where providing DWI arrestees with telephone access has been deemed statutorily sufficient. See State v. Hedges, 154 P.3d 1074, 1078 (Idaho Ct. App. 2007) (“[Pjolice . . . have a duty not to interfere with or affirmatively deny a defendant access to a telephone once a request has been made to make telephonic arrangements for an independent B AC test.”); Coslcy, 602 N.W.2d at 895 (“[The .defendant’s] right to obtain an additional chemical test... was vindicated when he was allowed to use a telephone to make the calls he wished to make[.]”); Dake, 529 N.W.2d at 49 (“[W]hile . . . the police cannot hamper a motorist’s efforts to obtain independent testing, they are under no duty to assist in obtaining such testing beyond allowing telephone calls to secure the test.”); Luebke, 1998 ND 110, ¶ 11 (“Generally, law officers . . . need only allow an accused access to a telephone.” (internal quotation marks and citation omitted)). Defendantwas given access to a telephone and a telephone book, and his ability to arrange independent testing was not hindered by police, therefore he was afforded a reasonable opportunity to arrange for an independent chemical test. Furthermore, under Jones, a defendant is only entitled to the remedy of suppression of his BAT test results in violation of the statute when he proves that: (1) he was deprived of a reasonable opportunity to arrange for independent testing in violation of Section 66-8-109(B), and (2) the statutory violation resulted in prejudice. Jones, 1998-NMCA-076, ¶ 29. A failure to prove either element is dispositive. Id. ¶ 31. Accordingly, the district court properly based its decision on whether Defendant demonstrated prejudice. Defendant’s BAT results were .12 and .11. Defendant did not present any evidence to show an independent chemical test would have demonstrated error in his BAT results such that it would bring him below the per se limit of .08. Additionally, a review of the record reveals that Defendant did have an opportunity to argue the issue of harmless error. The constitutional due process right to obtain possibly exculpatory evidence includes a right to obtain an alcohol test independent of the test administered by the arresting officer. The Defendant has the right to be free of police interference when obtaining this test. The way our statutory provision is currently written means being informed of this statutory right, being given a reasonable opportunity to arrange for the independent testing, and nothing more. I respectfully dissent from the Opinion of the Court and would hold that Defendant was given a reasonable opportunity to arrange for an independent chemical test as requred by the Implied Consent Act, and affirm the district court. M. MONICA ZAMORA, Judge